■ ROSA L. DILLARD, Appellant, v CITY OF NEW YORK, Respondent.— Order, Supreme Court, New York County, entered May 9, 1978, denying plaintiff's motion pursuant to section 50-e of the General Municipal Law to amend notice of claim and complaint, unanimously reversed, on the law and the facts and in the exercise of discretion, to grant the motion to amend, without costs or disbursements. The plaintiff contends that while walking on Lenox Avenue at 135th Street in Manhattan, she was struck by a sign which fell from a nearby premises. A timely notice of claim was filed stating that the object that fell came from 505 Lenox Avenue. Within three months thereafter, a hearing was conducted by the office of the Comptroller of the City of New York, at which it was made clear that the plaintiff was walking on 135th Street. 505 Lenox Avenue does not front on 135th Street, but 503 Lenox Avenue does. The plaintiff therefore argues that the defendant was in possession of information with respect to the correct location if not the correct address. Some three months later, the Borough Superintendent of Manhattan for the Department of Buildings forwarded to the Comptroller a report that the premises at 505 Lenox Avenue had been inspected, and there was no evidence of anything falling, nor were there any pending violations in the records of the Department of Buildings. Some 16 months

after the accident, plaintiff sought to amend her notice of claim to specify that it was 503 Lenox Avenue and not 505 Lenox Avenue. The motion was denied on the ground that it was "not sufficiently shown that the error and passage of time have not worked to the defendant's prejudice." We deem the address, in the context of this situation, an immaterial variation, and it has not been shown that the failure to be exact has prejudiced the city. Concur—Kupferman, J. P., Birns, Sandler, Lane and Silverman, JJ.