■ BARBARA L. MAYER et al., Appellants, v DuPONT ASSOCIATES, INC., et al., Respondents. (Action No. 1.) BARBARA L. MAYER et al., Appellants, v CITY OF NEW YORK, Respondent. (Action No. 2.) — Order, Supreme Court, New York County, entered June 25, 1980, dismissing the complaint against defendant City of New York in Action No. 2, and denying consolidation, unanimously reversed, on the law, without costs or disbursements, the cross motion to dismiss the complaint denied, the notice of claim deemed amended, *nunc pro tunc,* to reflect the place of accident as "the public sidewalk in front of and adjacent to the premises located at 178 East 70th Street, Borough of Manhattan, City and State of New York", and the motion to consolidate Action No. 1 and Action No. 2 granted. Appeal from order, Supreme Court, New York County, entered September 3, 1980, denying reargument dismissed, without costs or disbursements, said order being nonappealable. Special Term dismissed the complaint against the city because the notice of claim failed to specify the location of the accident. In all other respects, the notice of claim complied with the requirements of section 50-e of the General Municipal Law. We find that the lack of specificity was inadvertent and was not in any way calculated to confuse or prevaricate. At the comptroller's hearing the specific location was identified and seven photographs of the accident site provided. A police officer had responded to the accident and the aided card which he filed listed the specific location of the accident and the names and addresses of two witnesses. The city does not challenge the accuracy of the information contained in the aided card or the fairness of the photographs as depictive of the claimed sidewalk defect. No

actual prejudice is shown and we see no reason in these circumstances to presume prejudice. The city claims that the lack of specificity undermined its investigative efforts. Yet it fails to show what investigation, if any, was undertaken. In such circumstances, the complaint should not have been dismissed. A "mistake, omission, irregularity or defect" in the notice of claim may be corrected in the court's discretion provided the other party is not prejudiced. (General Municipal Law, § 50-e, subd 6; *Dillard v City of New York,* 67 AD2d 878; *Sanchez v City of New York,* 25 AD2d 731.) The two separate actions, one commenced against the abutting owner and its managing agent, the other against the city only, should be consolidated inasmuch as they involve common questions of law and fact. (CPLR 602.) Settle order providing for such consolidation. Concur — Kupferman, J. P., Birns, Sullivan, Markewich and Silverman, JJ.