■ MARIA FUENTES, Appellant, v CITY OF NEW YORK, Respondent. — Order of the Supreme Court, Queens County (Rodell, J.), entered May 21, 1981, affirmed, without costs or disbursements (see *Campbell v City of New York,* 78 AD2d 631). Gibbons, J. P., Weinstein, Bracken and Boyers, JJ., concur.

■ LYNN HABIB, Respondent, v PERRY HABIB, Appellant. — Appeal by defendant from so much of an order of the Supreme Court, Westchester County (Leggett, J.), entered April 15, 1981, as denied his cross motion to vacate a default judgment. Order reversed insofar as appealed from, on the law, without costs or disbursements, cross motion granted and default judgment vacated. Defendant has offered an adequate explanation for his nonappearance and demonstrated a sufficiently meritorious defense justifying vacatur of the default judgment and resolution of the issues at a hearing (see *Batista v St. Lukes Hosp.,* 46 AD2d 806). Thompson, J. P., Brown, Niehoff and Boyers, JJ., concur.

■ SOLOMON HEISLER et al., Doing Business as NEW VANDERBILT NURSING HOME, Respondents, v DOROTHY MEYEROWICH, as Administratrix of the Estate of JESSE SILVERMAN, Deceased, et al., Appellants. — In an action, *inter alia,* to recover on a written guarantee, defendants appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated January 6, 1981, as granted plaintiffs' motion for summary judgment and directed that plaintiffs have judgment against defendants, and (2) from the judgment entered thereon on January 14, 1981. Appeal from the order dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment reversed, on the law, order vacated insofar as it granted plaintiffs' motion for summary judgment and directed entry of judgment in their favor, and plaintiffs' motion for summary judgment is denied. Defendants are awarded one bill of $50 costs and disbursements. Based upon the record before this court, there exists a material and triable issue of fact as to the extent of the guarantee, and therefore, summary judgment should have been denied. Thompson, J. P., Brown, Niehoff and Boyers, JJ., concur.