■ ANGELA FAUBERT et al., Appellants, v CITY OF NEW YORK, Respondent. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Queens County (Kunzeman, J.), entered February 6, 1981, which dismissed the complaint upon the granting of defendant's cross motion to dismiss and the denial of plaintiffs' motion to amend the notice of claim. Judgment affirmed, without costs or disbursements. The notice of claim, filed pursuant to section 50-e of the General Municipal Law, failed to describe the accident location with sufficient particularity to enable defendant to conduct a proper investigation of the site and otherwise assess the merits of plaintiffs' claim (see *Campbell v City of New York,* 78 AD2d 631; *Moran v City of Yonkers,* 282 App Div 702; *Rozell v City of New York,* 271 App Div 832). The notice of claim erroneously described the accident site as "the sidewalk located on Parsons Boulevard between Jewel Avenue and 65th Street", when the actual location of the accident was on Parsons Boulevard between Jewel Avenue and 65th Avenue. Plaintiffs argue that this specific defect in the description was negligible, as a reasonable investigation would have shown that 65th Street does not intersect Parsons Boulevard, and that the description was later clarified in the verified bill of particulars. At a Comptroller's hearing held seven months after the accident, plaintiff Angela Faubert testified that the accident occurred in front of 67-02 Parsons Boulevard between 65th Avenue and Jewel Avenue. In their motion to amend the notice of claim, plaintiffs now seek to alter the description yet a third time to indicate the accident site as the sidewalk on Parsons Boulevard between Jewel Avenue and 65th Avenue and "near 67-06 Parsons Boulevard, on the curb in front of the Pomonok Consolidated Storeroom". In light of the significant delay in adequately particularizing the accident site and the discrepancies included in the descriptions thereof, defendant would be prejudiced by allowing the amendment to the notice of claim. Accordingly, it was not an abuse of discretion for Special Term to have denied plaintiffs' motion to amend the

notice of claim and to have granted defendant's cross motion to dismiss the complaint. Titone, J. P., Weinstein, Thompson and Brown, JJ., concur.