■ MORTEZA NOURI, Appellant, v CITY OF NEW YORK et al., Respondents. — Appeal from an order of the Supreme Court, New York County (Lane, J.), entered July 14, 1981, dismissed without costs, as superseded by the order of February 11, 1982. Order of the Supreme Court, New York County (Lane, J.), entered February 11, 1982, which granted plaintiff's motion for leave to reargue and, upon reargument, adhered to the original determination denying the motion by plaintiff to amend his notice of claim reversed, on the law and the facts and in the exercise of discretion, without costs, and the motion granted. Plaintiff, a resident of New Jersey, alleges that on March 16, 1980, his car broke down on 8th Avenue between 15th and 16th Streets. While he was endeavoring to repair the car he was harassed by a police officer and was struck by him on the side of the head by consequence of which he suffered a perforated eardrum. After being treated at St. Vincent's Hospital, he repaired to the police precinct where he located the officer, who, he claims, struck him. He requested the officer to write his name on a piece of paper. The officer wrote the name "McGuire". Thereafter plaintiff timely filed a notice of claim which contained three errors. The name of the police officer was incorrect as was the date and location of the accident. At or about the same time a complaint was filed with the Police Department Civilian Review Board. That complaint was investigated and plaintiff was interviewed several times and participated in several photographic identifications. Additionally, release of his medical records to the Civilian Review Board was authorized. The hospital records indicated that the incident occurred on March 16, 1980, rather than March 22, 1980, as stated in the notice of claim, and that the location of the incident was 16th Street rather than 18th Street, as indicated on the notice served. The Civilian Review Board investigation revealed the true name of the officer involved to be McGuiness. On January 23, 1981, plaintiff moved to amend the notice of claim to reflect these corrections. Special Term denied that application. We are of the opinion that the denial was an abuse of discretion. Accordingly, we reverse and grant leave to plaintiff to amend the notice of claim. Subdivision 6 of section 50-e of the General Municipal Law permits

amendment of a notice of claim at any time after the service thereof and at any stage of an action or special proceeding subject to two conditions. The first is that the "mistake, omission, irregularity or defect" was made in good faith; the second condition is that "it shall appear that the other party was not prejudiced thereby". No claim is asserted that the mistakes were not made in good faith. We are left, then, only with the contention of prejudice. As a result of the filing of the complaint filed with the Civilian Review Board the incident was investigated in far greater depth than would ordinarily be the case. The Civilian Review Board is part of the police department, an agency of the city. Its records are available to the city. Hence, the cry of prejudice has a ring which is hollow indeed and is entitled to no credence. Concur — Murphy, P. J., Sullivan, Ross, Bloom and Milonas, JJ.