■ ESTHER M. CRUZ et al., Appellants, v CITY OF NEW YORK et al., Respondents. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Queens County (Hyman, J.), entered December 11, 1981, which (1) denied their motion for permission to serve an amended notice of claim and (2) granted defendant City of New York's cross motion to dismiss the complaint due to an alleged insufficiency in the notice of claim. Order reversed, without costs or disbursements, cross motion denied and motion granted. The instant action was commenced to recover damages, *inter alia,* for personal injuries received by the female plaintiff as a result of a fall which occurred on February 10, 1978. On April 12, 1978 the plaintiffs served a timely notice of claim on the defendant City of New York alleging as follows: "The accident occurred on February 10, 1978 at approximately 7:30 A.M. on the sidewalk and/or walkway at, near and in the vacinity

[sic] of Broadway, between 72 and 73 Streets, Jackson Heights, N.Y. The claim arose when the claimant was caused to fall, trip and/or slip on a certain ice, snow, and/or defective condition on the sidewalk and/or walkway at the afore-stated location, causing the injuries and damages herein set forth." Subsequently, at a comptroller's hearing, the female plaintiff testified as to the location of the accident and the conditions which caused it: "Q Where did this accident occur? A At the edge of the A and P. Q Where did the accident occur, on what street or the bus or in the roadway, where? Give the address? A It was on Broadway and it was right by the exit of the A and P. Q Broadway where? A Queens. Q Between what two streets on Broadway? A Between 72nd and 73rd. Q As you walked along, was there an A and P supermarket on the right hand side, or left hand side? A On my right. Q Was it closer to the market or closer to the curb or midway between the two? A Nearer to the curb. Q Approximately how may [sic] feet in from the curb? You can show me with your hands. BY EXAMINER: Indicating about three feet. Q For the purpose of answering this question, I want you to make believe that you are facing the entrance of the A and P, and you may not have been facing the entrance; just make believe that you are. Tell me where this accident happened, in front of it, the right of the entrance or the left of the entrance? A On the right. Q Approximately how far to the right? You can show me with your hands. BY EXAMINER: Indicating about three feet to the right * * * Q Now, what did you observe as to the condition of the sidewalk? A That the floor was slippery. Q Was it slippery that caused this or was it snow and ice there? A Yes, it was snow and it was ice there. Q It was ice there? A Yes. Q Was the ice in patches here and there? A No, it was all over. Q from the curb to the store? A Yes." By notice of motion dated September 10, 1981 the plaintiffs moved to amend the notice of claim and proposed an amended notice of claim which read in pertinent part: "The accident occurred * * * on the sidewalk on Broadway between 72nd and 73rd Streets, at the curb cut to the parking lot of the A&P Supermarket in Jackson Heights, New York. The claim arose when the Claimant was caused to fall on an ice-snow condition at the aforesaid location". The city thereafter cross-moved to dismiss the complaint on the ground that the "Notice of Claim fails to list the specific location of the alleged accident", and on December 11, 1981, an order was entered, *inter alia,* granting the city's cross motion and dismissing the complaint. We reverse. Although the original notice of claim lacked sufficient specificity (see *Rozell v City of New York,* 271 App Div 832; *Matter of Klobnock v City of New York,* 80 AD2d 854; *Fuentes v City of New York,* 87 AD2d 809), it was apparently not in any way calculated to mislead the defendant city. Moreover, the female plaintiff's testimony at the comptroller's hearing did set forth the location of the accident with sufficient specificity to afford the city the opportunity to make a proper investigation, particularly in view of the fact that the alleged cause of the accident was snow and ice, rather than a defect in the sidewalk (cf. *Schwartz v City of New York,* 250 NY 332, 335). Finally, no actual prejudice has been demonstrated by the city. Although the city argues that (1) its primary investigative tool in snow and ice cases is "on site discussions with so called 'location witnesses'" and (2) "memories fade over time", which prevents meaningful investigation, the city has failed to show "what investigation, if any, was undertaken" (*Mayer v City of New York,* 80 AD2d 799, 800). Under the circumstances, the complaint should not have been dismissed. A "[m]istake, omission, irregularity or defect" in the notice of claim may be corrected in the court's discretion provided the other party is not prejudiced (General Municipal Law, § 50-e, subd 6; *Mayer v City of New York, supra*). Damiani, J. P., Mangano, Gibbons and Gulotta, JJ., concur.