JOSEPHINE CASELLI, Appellant, v CITY OF NEW YORK, Respondent.

Second Department, December 31, 1984

**APPEARANCES OF COUNSEL**

*Morris J. Eisen, P. C.* (*Steven DiJoseph* and *Edward P. Dunphy* of counsel), for appellant.

*Frederick A. O. Schwarz, Jr., Corporation Counsel* (*Stephen J. McGrath* and *Dana Robbins* of counsel), for respondent.

**OPINION OF THE COURT**

BRACKEN, J.

Subdivision 2 of section 50-e of the General Municipal Law provides, *inter alia,* that a notice of claim shall set forth "the time when, the place where and the manner in which the claim

arose". This appeal raises the question of the degree of specificity required by the statute in setting forth the place of occurrence and also the further question of the extent to which a lack of specificity with respect to such information may be disregarded.

Plaintiff was allegedly injured when she fell while walking across a street intersection located within the City of New York. Plaintiff thereafter timely served a notice of claim upon the city which alleged, *inter alia,* that she was "crossing the public roadway at the intersection of Queens Boulevard and Woodhaven Boulevard, Borough of Queens, City and State of New York when she was caused to be precipitated to the ground * * * through the carelessness and negligence of the City of New York * * * in the ownership, operation, control, maintenance, repair, and inspection of the pedestrian traffic and roadway and in causing, permitting and allowing a public and private nuisance to be, become and remain at the aforesaid location". The notice contained no further description of the place of occurrence or the manner in which the injuries were allegedly sustained.

Plaintiff subsequently served a summons and complaint which alleged, *inter alia,* that a notice of claim had been duly served. In its answer, the city interposed an affirmative defense that the notice of claim did not comply with section 50-e of the General Municipal Law in that it failed to set forth the specific place where the claim allegedly arose. Plaintiff moved to strike the affirmative defense, contending that her notice satisfied the statutory requirements. The city then cross-moved for an order dismissing the complaint on the ground that the notice of claim was defective as a matter of law. Special Term denied the motion and granted the cross motion, thereby dismissing the complaint. This appeal resulted, and we now affirm the dismissal.

The purpose of the statutory notice of claim requirement (General Municipal Law, § 50-e) is to afford the public corporation "an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available" (*Teresta v City of New York,* 304 NY 440, 443; see, also, *O'Brien v City of Syracuse,* 54 NY2d 353, 358; *Salesian Soc. v Village of Ellenville,* 41 NY2d 521, 524). The statute is intended " 'to protect a public corporation against stale or unwarranted claims and to enable it to investigate claims timely and efficiently' " (*Heiman v City of New York,* 85 AD2d 25, 27, quoting Twenty-First Ann Report of NY Judicial Conference, 1976, p 286). To that end, the statute requires that the notice set forth "the time when, the place

where and the manner in which the claim arose" (General Municipal Law, § 50-e, subd 2). We have held that the statutory requirement regarding the recital of the place of occurrence is met where the notice describes the accident location with sufficient particularity to enable defendant to locate the alleged defect and to conduct a proper investigation of the site and otherwise assess the merits of plaintiff's claim (*Evers v City of New York,* 90 AD2d 786; see, also, *Faubert v City of New York,* 90 AD2d 509; *Campbell v City of New York,* 78 AD2d 631). Moreover, we have recognized that claims involving "pothole" and sidewalk defects require even greater particularity (*Cruz v City of New York,* 95 AD2d 790; *Evers v City of New York, supra;* see, also, *Schwartz v City of New York,* 250 NY 332; *Matter of Klobnock v City of New York,* 80 AD2d 854; *Rozell v City of New York,* 271 App Div 832), because of their transitory nature (*McKie v City of New York,* 79 AD2d 901).

Measured by these standards, the notice of claim in the case at bar was plainly inadequate. The notice was utterly silent regarding causation, i.e., the nature of the defect which allegedly caused plaintiff to fall, and that fact alone made it impossible for the city to conduct its investigation (see *Matter of Raczy v County of Westchester,* 95 AD2d 859). This inadequacy was compounded by reason of plaintiff's failure to describe the location of the occurrence with sufficient particularity. The sufficiency of the description is to be determined by the circumstances of each case (*Schwartz v City of New York, supra,* p 335). Manifestly, the mere statement in the instant notice that the incident occurred on "the public roadway at the intersection of Queens Boulevard and Woodhaven Boulevard", a major intersection, was too vague to enable the city to locate the alleged defect. Plaintiff at least should have given the direction and approximate distance of the alleged defect from a specified corner of the intersection or otherwise described its location in such manner as to assure that the city could locate it with reasonable certainty and without conjecture (see *Matter of Klobnock v City of New York, supra;* cf. *Evers v City of New York, supra*).

Plaintiff asserts, however, that even if her notice of claim failed to describe the site of the accident with the required specificity, such deficiency in her notice should be disregarded by reason of the fact that the city had actual knowledge of the incident giving rise to the claim. In determining the validity of this argument, we must consider the provisions of subdivision 6 of section 50-e of the General Municipal Law, which provides:

"6. Mistake, omission, irregularity or defect. At any time after the service of a notice of claim and at any stage of an action or special proceeding to which the provisions of this section are applicable, a mistake, omission, irregularity or defect made in good faith in the notice of claim required to be served by this section, not pertaining to the manner or time of service thereof, may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby."

This provision makes clear that a mistake, omission, irregularity or defect in a notice of claim may be corrected, supplied or disregarded only where the court determines that two conditions have been met. First, the mistake, omission, irregularity or defect must have been made in good faith, and second, it must appear that the public corporation was not prejudiced thereby (see *Nouri v City of New York*, 90 AD2d 745). In the present case, there is no contention, and nothing in the record to suggest, that the notice of claim was prepared and served in bad faith. Thus, our determination must turn on the question of whether the city was prejudiced by the lack of specificity in the notice of claim. Plaintiff contends that there was no prejudice, inasmuch as the city received knowledge of the specifics of her claim within a reasonable time after it arose. Specifically, plaintiff maintains that the city acquired such knowledge by reason of (1) her testimony at a Comptroller's hearing (see General Municipal Law, § 50-h), (2) her bill of particulars and (3) the fact that a New York City police officer prepared and filed an aided report on the date of the incident.

According to her notice of claim, plaintiff was injured on January 27, 1979. On January 28, 1980, she was examined at the Comptroller's hearing. Plaintiff testified, albeit with some uncertainty and confusion, that she had fallen while crossing 91st Street between the Queens Boulevard service road and a ramp to the Long Island Expressway. Plaintiff made no mention whatsoever of the intersection of Queens Boulevard and Woodhaven Boulevard, the place set forth in her notice of claim as the scene of the accident. Her testimony, therefore, did not act to provide the city with the precise location of the defect allegedly giving rise to the claim (cf. *Cruz v City of New York*, 95 AD2d 790, *supra; Mayer v DuPont Assoc.*, 80 AD2d 799; *Dillard v City of New York*, 67 AD2d 878). To the contrary, plaintiff's testimony materially contradicted her notice of claim and only served to obscure the actual site of the accident (see *Faubert v City of New York*, 90 AD2d 509, *supra*).

With regard to plaintiff's bill of particulars, we note that it was dated September 15, 1980, more than 19 months after the claim allegedly arose. The bill of particulars stated that the accident had occurred "in the public roadway located at the intersection of Queens Boulevard and Woodhaven Boulevard * * * in front of the premises known as 9141 Queens Boulevard", which roadway was "cracked, broken, raised, uneven, unlevel, depressed, and otherwise in a state of disrepair and neglect". Assuming, *arguendo,* that the foregoing particulars were sufficiently specific to satisfy the requirements of subdivision 2 of section 50-e of the General Municipal Law, we nevertheless conclude that, in light of the significant delay in providing such clarification, the bill of particulars could not provide a basis for disregarding the defects in plaintiff's notice of claim (see *Faubert v City of New York, supra*).

Finally, plaintiff argues that the city acquired actual knowledge of the place where and the manner in which the claim arose on the date of occurrence, by reason of the aided report prepared and filed by a New York City police officer who had responded to the scene of plaintiff's fall. The report in question described the location of the accident as the roadway in front of 9141 Queens Boulevard and provided as follows: "Aided states while crossing roadway she fell in roadway due to a depression in roadway causing injury to right ankle". The report also contained the name and address of a witness to the incident. However, there is nothing in the record which suggests that this report was ever filed with or otherwise brought to the attention of the officer of the city designated by law to accept service of a notice of claim (see General Municipal Law, § 50-e, subd 3, par [a]).[*]

Generally, knowledge of a police officer or of a police department cannot be considered actual knowledge of the public corporation itself regarding the essential facts of a claim (see, e.g., *Williams v Town of Irondequoit,* 59 AD2d 1049, 1050). A municipality often will have numerous employees assigned to separate and diverse agencies or departments, and the purpose of the statutory notice of claim requirement would simply not be fulfilled if all information obtained by municipal employees, officers or agencies in the regular course of their business was to be imputed to the municipality (*Tarquinio v City of New York,* 84 AD2d 265, 270-271, affd 56 NY2d 950; see, also, *Adkins v City of New York,* 43 NY2d 346, 352). In particular, police officers

---

[*]  While the aided report makes note that an additional form was prepared by the assisting officer (form P.D. 301-155), the additional form in question is not part of the record and neither party has discussed its nature, purpose and significance.

regularly respond to the scene of accidents, and they are generally required to prepare and file reports of such incidents with their departments. To hold that the existence of such a report relieves a claimant of the necessity of complying with the statutory requirements of section 50-e of the General Municipal Law would effectively vitiate the protections afforded public corporations by such statutory provisions.

Nevertheless, we have recognized that an accident or aided report may, under certain circumstances, be pertinent. For example, the statute provides that in determining an application for leave to serve a late notice of claim, the court must consider "whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one [within 90 days after the claim arises] or within a reasonable time thereafter" (General Municipal Law, § 50-e, subd 5). In this regard, we have held that where a municipal employee was allegedly injured in the course of his employment and thereafter applied for leave to serve a late notice of claim, the filing of an accident report with the employee's agency or department imported actual knowledge to the municipality which, in conjunction with other circumstances present, warranted the granting of leave (*Matter of Cicio v City of New York,* 98 AD2d 38; *Matter of Lucas v City of New York,* 91 AD2d 637; *Matter of Somma v City of New York,* 81 AD2d 889). In cases involving private parties seeking leave to serve late notices of claim, we have recognized that the filing of a police accident report may be considered on the question of whether the public corporation acquired actual knowledge within the 90-day period or soon thereafter (General Municipal Law, § 50-e, subd 5). However, those decisions concluding that such actual knowledge existed generally indicate that other factors in addition to the mere existence of an accident or aided report were present. For example, in *Flynn v City of Long Beach* (94 AD2d 713), plaintiff was injured when his car struck a pole. A police report regarding the accident was prepared the next day. In addition, the police took the pole into their possession, photographed the accident scene and administered a blood alcohol test to plaintiff. This court held that the extensive investigation undertaken by the police department, a city agency, shortly after the accident, whether for purposes of preparing criminal charges against plaintiff, or for preparing a potential defense to a civil action brought by him, provided the city with actual notice for the purpose of granting leave to serve a late notice of claim. In *Trakis v City of New York* (92 AD2d 569), we found that the city

had acquired actual knowledge of plaintiff's claim by reason of police reports and emergency clinic reports filed in connection with his accident and treatment. In *King v City of New York* (90 AD2d 714), plaintiff was accidentally shot by a New York City police officer who was then in pursuit of an alleged criminal. Plaintiff was attended to by police officers and then interviewed by a police captain and an Assistant District Attorney. The Appellate Division, First Department, concluded that because several agents of the municipality had actual notice of the facts constituting plaintiff's claim within hours after its occurrence, plaintiff's late notice of claim should have been deemed timely served. In *Whitehead v Centerville Fire Dist.* (90 AD2d 655), plaintiff was injured when her car was struck by a fire truck driven by a fire company captain, which accident was duly reported. The Appellate Division, Third Department, held that the defendant fire district had actual knowledge because its employees were present and involved in the collision itself. Finally, in *Matter of Ziecker v Town of Orchard Park* (70 AD2d 422, affd 51 NY2d 957), plaintiff was injured in a diving accident at a town beach. The town police were called by a lifeguard, who provided them with a diagram of the scene of the accident as well as names of witnesses. All of the foregoing was placed in a report made by the town police. In addition, a second accident report, unsigned, containing a description of the accident and the identity of the supervising town employee, was filed. The Appellate Division, Fourth Department, held, *inter alia,* that because the town had actual notice of the accident, and because its employees were actually present when the accident occurred, leave to serve a late notice of claim was properly granted (*Matter of Ziecker v Town of Orchard Park, supra,* p 428).

Moreover, where plaintiffs have sought leave to serve late notices of claim and have relied upon police accident or aided reports for the purpose of establishing a public corporation's actual knowledge of the claim, we have given strict scrutiny to such reports to determine whether they in fact provide sufficient notice to the public corporation of the claim against it. For example, in *Matter of Morris v County of Suffolk* (88 AD2d 956, affd 58 NY2d 767), plaintiff applied for leave to serve a late notice of claim in a case arising out of a motor vehicle accident, contending that a county police department accident report filed after an on-the-scene investigation had provided the county with actual knowledge of the claim. We held, however, that the report did not furnish the county with either actual or constructive notice of the claim, because the report made no mention of any defective condition in the road. Similarly, in *Fox v City of*

*New York* (91 AD2d 624), plaintiff, a New York City police officer, was allegedly injured when an automobile driven by a private person collided with a police car in which he was seated while he was detouring traffic from an oil spill. Plaintiff thereafter sought leave to serve a late notice of claim against the city, contending that the accident had been caused by the city's failure to have cleaned up the spill. We held that a police accident report and a line-of-duty injury report filed soon after the accident did not furnish the city with either actual or constructive notice of plaintiff's claim of negligence on the part of the city; both reports merely described the collision between the two vehicles and made no connection between the accident and the oil spill (see, also, *Figueroa v City of New York,* 92 AD2d 908; but see *Innes v County of Genesee,* 99 AD2d 642, affd 62 NY2d 779). Thus, a police report which fails to connect an accident with any negligence on the part of a public corporation does not furnish actual knowledge of the essential facts constituting the claim within the meaning of subdivision 5 of section 50-e of the General Municipal Law.

The issue before us, however, is not whether the police aided report in this instance provided the city with actual knowledge of the facts constituting the claim for purposes of an application for leave to serve a late notice (General Municipal Law, § 50-e, subd 5). Indeed, it is uncontroverted that the notice herein was timely served. However, because the notice was defective, we must determine whether the police accident report negated any claim of prejudice on the part of the city for purposes of disregarding the defect (General Municipal Law, § 50-e, subd 6).

On this question, the courts have generally permitted the amendment of notices of claim under subdivision 6 of section 50-e of the General Municipal Law to cure such defects as erroneous recitals of dates and places or lack of specificity with respect thereto, where knowledge of the correct facts was available to the public corporation and imputable to it, thereby belying any claim of prejudice. However, as in the cases finding actual knowledge for purposes of granting leave to serve late notices of claim, those decisions concluding that a public corporation would not be prejudiced by allowing a defective notice of claim to be amended, or by simply disregarding the defect, have generally required more than the mere existence of an accident or aided report to negate a claim of prejudice. For example, in *Sanchez v City of New York* (25 AD2d 731), the notice of claim contained an error with respect to the date of the accident. The Appellate Division, First Department, granted plaintiff leave to amend the notice, because: (1) the correct date was set forth in

defendant city's own hospital records, (2) the city made no attempt to clarify the discrepancy between the notice of claim and its records at the Comptroller's hearing, and (3) plaintiff's bill of particulars, served over one year prior to trial, contained the correct date. The court concluded that in view of these factors, the trial court abused its discretion by failing to consider whether the city would have been prejudiced by an amendment to the notice of claim. In *Mayer v DuPont Assoc.* (80 AD2d 799, *supra*), the notice of claim failed to specify the location where the accident had occurred. A police officer had responded and had filed an aided report which recited the precise location of the accident and the names and addresses of witnesses. However, in distinction to the instant case, a Comptroller's hearing was conducted in *Mayer* at which the specific location was identified and seven photographs thereof were provided. The Appellate Division, First Department, concluded that under those circumstances, the city had not established prejudice and, therefore, the notice of claim was deemed amended to reflect the actual place where the claim arose. In *Jackson v Police Dept. of City of N. Y.* (86 AD2d 860), plaintiff commenced an action to recover damages for, *inter alia,* false arrest and imprisonment, but his notice of claim set forth an incorrect date of arrest and failed to specify the place or places where he had been incarcerated. This court reversed an order denying plaintiff's motion for leave to serve an amended notice of claim. We found that all pertinent facts regarding the case were a matter of public record, having been fully set forth in the opinions of the Federal courts which had granted a writ of habeas corpus and overturned plaintiff's conviction. Under these unique circumstances, we concluded that the city had an adequate opportunity to investigate plaintiff's claim, and that it would not be prejudiced by the amendments. Finally, in *Nouri v City of New York* (90 AD2d 745, *supra*), plaintiff was allegedly assaulted by a New York City police officer, and he thereafter timely filed a notice of claim which contained incorrect information regarding the name of the officer in question and the date and place of the occurrence. However, the plaintiff also filed a complaint with the Police Department Civilian Complaint Review Board, which then conducted an investigation. The Board interviewed plaintiff several times, caused him to participate in several photographic identifications, and obtained plaintiff's hospital records as well. The Board's investigation established the correct name of the officer and the correct date and location of the incident. Plaintiff then moved to correct his notice of claim by amendment pursuant to subdivision 6 of section 50-e of the General Municipal Law. The

Appellate Division, First Department, determined that the motion to amend should have been granted because no prejudice had been shown. The court reasoned that the investigation conducted by the Civilian Complaint Review Board, a branch of the police department which, in turn, is an agency of the city, was far more extensive than the ordinary investigation undertaken by the city upon receipt of a notice of claim.

From the foregoing discussion may be derived principles which, when applied to the facts of this case, result in a conclusion that there should be an affirmance. Special Term correctly determined that plaintiff's notice of claim was legally insufficient by reason of the inadequate description of the place of occurrence (General Municipal Law, § 50-e, subd 2). Moreover, the court did not abuse its discretion by declining to disregard that defect (General Municipal Law, § 50-e, subd 6). The mere filing of a police officer's aided report with the city's police department in this case did not provide a basis for imputing knowledge of the essential facts of the alleged claim to the public corporation itself. Thus, the public corporation would clearly have been prejudiced had the defect been disregarded, because the lack of specificity in the notice of claim deprived the city of the very thing that section 50-e was intended to preserve, i.e., a meaningful and adequate opportunity to investigate an accident and to evaluate the merits of a claim at a time when evidence and information with respect thereto remained readily available (see, e.g., *Teresta v City of New York,* 304 NY 440, 443, *supra;* Twenty-First Ann Report of NY Judicial Conference, 1976, pp 282, 286). The claimant clearly has the obligation pursuant to section 50-e to furnish sufficient information in the notice of claim to allow the public corporation to conduct an investigation. There is no requirement that a public corporation investigate its own departments, agencies, offices and employees for the purpose of eliciting information obtained in the regular course of business regarding the incident which is the basis of the claim. Were we to impute knowledge of the contents of the police officer's aided report to the city in this case and thereby relieve plaintiff of the consequences of her failure to comply with the statutory notice of claim requirements, "precious little of section 50-e of the General Municipal Law would survive in this department" (*Matter of Morris v County of Suffolk,* 88 AD2d 956, 957, affd 58 NY2d 767, *supra*).

Accordingly, the order appealed from should be affirmed, without costs or disbursements.

LAZER, J. P., GIBBONS and LAWRENCE, JJ., concur.

Order of the Supreme Court, Queens County, dated September 17, 1981, affirmed, without costs or disbursements.