■ WARREN COUTURE et al., Respondents, v CITY OF NEW YORK, Appellant, et al., Defendant.

The original notice of claim served in the present case was patently defective since it failed to describe with sufficient particularity "the place where and the manner in which the claim arose" (General Municipal Law § 50-e [2]; *see also, Levine v City of New York,* 111 AD2d 785, 786; *Caselli v City of New York,* 105 AD2d 251, 253). Although a court may grant a motion for leave to amend a notice of claim, it may do so only where two conditions have been satisfied: first, the mistake, omission, irregularity or defect in the notice must have been made in good faith, and second, it must appear that the public corporation has not been prejudiced thereby *(see,* General Municipal Law § 50-e [6]; *Mazza v City of New York,* 112 AD2d 921; *Caselli v City of New York, supra,* at p 254; *Nouri v City of New York,* 90 AD2d 745, 746).

In the present case, there is no allegation that the original notice was prepared in bad faith. However, the city was clearly prejudiced because the defect in the notice of claim deprived it of the opportunity to conduct the type of prompt and adequate investigation contemplated by General Municipal Law § 50-e *(see, O'Brien v City of Syracuse,* 54 NY2d 353, 358; *Mazza v City of New York, supra).* Therefore, Special Term improvidently exercised its discretion when it granted the plaintiffs' motion for leave to amend their notice of claim and denied the city's cross motion to dismiss the complaint as against it. Mangano, J. P., Weinstein, Lawrence and Eiber, JJ., concur.