■ Mary Bacchus, Appellant, v City of New York, Respondent, et al., Defendant.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated December 3, 1986, which denied that branch of her motion which was to amend her notice of claim nunc pro tunc, granted the cross motion of the defendant City of New York for summary

judgment dismissing the complaint as against it, and denied the balance of the plaintiff's motion as moot.

Ordered, that the order is affirmed, with costs.

The plaintiff seeks to recover damages for the personal injuries which she sustained as a result of falling on a public street on the afternoon of December 17, 1984. The notice of claim which was timely served upon the defendant city in January 1985 indicated that the accident occurred as the plaintiff, who was walking on the west side of Lexington Avenue, crossed to the north side of Fifty Second Street, and she fell due to "installations" and repaving of a width of 20 to 25 inches of tar in the street. The Comptroller of the City of New York thereafter conducted an investigation of the roadway at the northwest and southwest corners of the intersection of Fifty Second Street and Lexington Avenue. Approximately 22 months after the date of the accident, the plaintiff moved, *inter alia,* for leave to serve an amended notice of claim nunc pro tunc in which it was claimed that the accident had occurred when she was walking on the east side of Lexington Avenue and crossing to the north side of Fifty Second Street.

While General Municipal Law § 50-e (6) allows for the amendment of notices of claim to cure deficiencies or good-faith errors, that section was not intended to undermine the purpose of the notice statute, which is to protect public corporations from unwarranted or stale claims and to prevent interference with the prompt and efficient investigation of claims. Inasmuch as the defect in the original notice of claim effectively deprived the city of the opportunity to conduct the type of prompt and adequate investigation that General Municipal Law § 50-e is intended to provide, the court did not abuse its discretion in denying the plaintiff's motion for leave to amend her notice of claim nunc pro tunc and granting the city's motion for summary judgment dismissing the complaint as against it *(see, Couture v City of New York,* 124 AD2d 776; *Mazza v City of New York,* 112 AD2d 921; *Faubert v City of New York,* 90 AD2d 509; *Campbell v City of New York,* 78 AD2d 631). Niehoff, J. P., Weinstein, Eiber and Harwood, JJ., concur.