■ WILLIAM ZOLLER et al., Respondents, v NIAGARA MOHAWK POWER CORPORATION, Appellant. (Action No. 1.) RICHARD H. STONE et al., Respondents-Appellants, v NIAGARA

Mohawk Power Corporation, Appellant-Respondent. (Action No. 2.)—Casey, J. Appeal, in action No. 1, from an order of the Supreme Court (Travers, J.), entered June 5, 1987 in Rensselaer County, which denied defendant's motion to, *inter alia*, amend its answer or dismiss the complaint.

Cross appeals, in action No. 2, from an order of the Supreme Court (Keniry, J.), entered June 30, 1987 in Rensselaer County, which denied defendant's motion to amend its answer and partially granted defendant's motion to dismiss certain causes of action in the complaint.

The above entitled actions have been consolidated on this appeal by order of this court.

### THE ZOLLERS' ACTION (action No. 1.)

William and Agnes Zoller, husband and wife, commenced an action against defendant in October 1985. Their complaint alleged that defendant negligently installed an electrical transformer at their residence in the City of Rensselaer in or about January 1978 which has resulted in the premature burnout of electrical appliances in their home, causing them damages in the amount of $20,000, although the itemized damages total only $7,131. In its answer, defendant asserted the failure of the complaint to state a cause of action, the expiration of the Statute of Limitations and that the damages should be reduced by the Zollers' own culpability. In November 1986, defendant moved to amend its answer to plead an exculpatory tariff filed with the Public Service Commission and to dismiss the Zollers' complaint as barred by this tariff and the Statute of Limitations. In relevant part, the exculpatory tariff provides: "In case the supply of service shall be interrupted or irregular or defective or shall fail from causes beyond Company's control or because of the ordinary negligence of Company, its employees, servants or agents, Company will not be liable therefore *[sic]*".

Supreme Court denied defendant's motions, reasoning that the limitation of liability contained in the tariff was prohibited by 16 NYCRR 218.1, which provides:

"Every gas corporation, electric corporation and gas and electric corporation shall, where necessary, amend its filed tariff schedules by eliminating therefrom:

"(a) Provision attempting to relieve such corporation from liability arising from the gross negligence or willful misconduct of its officers, agents or servants.

"(b) Provisions limiting the liability of the corporation for damages resulting from its own negligence in connection with the property owned, installed or maintained by a customer or leased by a customer from a third party.

"(c) Provisions limiting the liability of the company for any damages resulting from the negligence of the company in connection with the supplying or use of electricity or gas or from the presence or operation of the company's structures, equipment, wires, pipes, appliances or devices on the consumer's premises."

Supreme Court also found that although some of the Zollers' damages might be barred by the Statute of Limitations, the action itself was not barred since the negligence alleged was continuous. The possible limitation of damages was deferred for trial determination. Defendant appeals.

### THE STONES' ACTION (action No. 2.)

Richard and Anna Stone commenced an action against defendant in November 1982, alleging that since approximately July 1980 stray voltage from defendant's power lines caused electric shock to run through their property in the Town of Hoosick, Rensselaer County, causing injury to their dairy cows and resulting in attendant damages totaling over $700,000. Eleven causes of action were stated. Defendant asserted the defenses of failure to state a cause of action, contributory negligence, assumption of risk, failure to mitigate damages, lack of privity (as to the Stones' claims based on breach of warranty) and that the causes of action were duplicative, cumulative and/or speculative. Defendant moved to strike portions of the complaint and requested leave to amend its answer to include its disclaimer tariff.

Supreme Court dismissed the Stones' causes of action for implied warranty, intentional infliction of economic harm, intentional infliction of emotional harm, strict liability and public nuisance. Supreme Court also denied defendant's motion to amend its answer, since it was not accompanied by the proposed amended pleading and an affidavit to establish the merits of the amendment and a reasonable excuse for the delay. Supreme Court also determined that the tariff disclaimer was not applicable to the action.

Defendant appeals from so much of Supreme Court's order as denied its motion to strike portions of the complaint and to amend its answer. The Stones cross-appeal.

The factual situations in both actions appear to lie outside the scope of permissible liability exemptions. Under 16 NYCRR 218.1, utility companies are not absolved from liability for ordinary negligence claimed as the result of the *supply or use of electricity,* as opposed to damages caused by the interruption of the supply of service *(see, Lo Vico v Consolidated Edison Co.,* 99 Misc 2d 897, 898). This conclusion is further supported by the requirement that exculpatory clauses should be "strictly construed against the person seeking exemption from liability" *(Shalman v Board of Educ.,* 31 AD2d 338, 342). As a matter of law, the attempted defense of the tariff disclaimer contravenes the public policy embodied in 16 NYCRR 218.1, and Supreme Court properly denied defendant's motion to amend its answer to interpose the defense in both actions.

Supreme Court also properly denied defendant's motion to dismiss the Zollers' claim for damages for negligence as time barred under CPLR 214 (4). The Zollers allege continuous damage from January 1978 through January 1984. The action was commenced in October 1985. Although some of the damages may be barred by the Statute of Limitations, the continuing nature of the negligence alleged prevents the Statute of Limitations from operating as a complete defense. The Zollers should be afforded the opportunity of proving their viable damages at trial *(see, Van Guilder v Town of Fallsburgh,* 25 AD2d 338, 339).

As to the Stones' cause of action sounding in strict liability, we believe it was properly dismissed under the authority of *Farina v Niagara Mohawk Power Corp.* (81 AD2d 700). Under this same authority, the Stones' breach of warranty cause of action was also properly dismissed.

Finally, as did Supreme Court, we find no merit in the Stones' cause of action for intentional infliction of economic and emotional harm *(see, Fischer v Maloney,* 43 NY2d 553, 557-558). For all of these reasons the orders of Supreme Court should be affirmed in both actions.

Orders affirmed, with costs to William Zoller and Agnes Zoller against Niagara Mohawk Power Corporation. Kane, J. P., Casey, Levine, Harvey and Mercure, JJ., concur.