■ In the Matter of ROBERTO VALDEZ, Appellant, v CITY OF YONKERS, Respondent.—In a proceeding pursuant to General Municipal Law § 50-e (6), the petitioner appeals from an order of the Supreme Court, Westchester County (Gurahian, J.), entered April 12, 1988, which denied his application for leave to amend his notice of claim. The appeal brings up for review so much of an order of the same court, entered June 16, 1988, as upon granting reargument, adhered to the original determination (CPLR 5517 [b]).

Ordered that the appeal from the order entered April 12, 1988, is dismissed, as that order was superseded by the order entered June 16, 1988, made upon reargument; and it is further,

Ordered that the order dated June 16, 1988, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

We find that it was not an improvident exercise of discretion to deny the claimant's application pursuant to General Municipal Law § 50-e (6) which was to amend his previously filed notice of claim to reflect the correct location of his accident. The record reveals that the claimant did not move to amend his notice of claim until approximately six months after it was filed. During that time the respondent had conducted an investigation of the claim based on the original description of the accident site *(see, Levine v City of New York,* 111 AD2d 785; *Faubert v City of New York,* 90 AD2d 509; *cf., Cruz v City of New York,* 95 AD2d 790; *Evers v City of New York,* 90 AD2d 786). Under these circumstances, the claimant's application to amend the notice of claim was properly denied. Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.