■ JEANETTE CASTRO, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered December 14, 1990, which granted petitioner's application to serve a late notice of claim, unanimously affirmed, without costs.

Petitioner allegedly fell and injured herself on a defective sidewalk under the control of respondent City Housing Authority. On September 14, 1990, she served a notice of claim on the City of New York instead of respondent. The Comptroller of the City of New York notified respondent of the claim on October 12, 1990, after the 90-day period to file a notice of claim had expired on September 26, 1990. Petitioner sought to file a late notice of claim by petition served on or about October 19, 1990, which was granted by the IAS court on December 11, 1990, albeit with a directive that petitioner provide, within 10 days, "a more specific notice, with photograph, of exactly where the alleged accident occurred", in order to satisfy the requirements of General Municipal Law § 50-e (2). There was no abuse of discretion in so ruling. Respondent does not show, and there is no reason to presume, prejudice by reason of the fact that petitioner's notice specified only the street address in front of which she fell.

A lack of specificity that is inadvertent and not calculated to mislead or confuse may be deemed harmless when later clarified in a manner that avoids prejudice to any of the parties *(Mayer v DuPont Assocs.,* 80 AD2d 799). Such was accomplished by the directive that a more specific notice be served within 10 days. Concur—Murphy, P. J., Carro, Milonas, Asch and Kassal, JJ.