■ In the Matter of STANLEY M. LIGHT, Respondent, v COUNTY OF NASSAU, Appellant.—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve and file a late notice of claim, the County of Nassau appeals from a judgment of the Supreme Court, Nassau County (Winick, J.), dated October 24, 1990, which granted the petitioner leave to serve and file a late notice of claim.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

While playing tennis on July 15, 1989, the petitioner allegedly tripped over a "ripple" in the court surface and injured his leg on a Nassau County tennis-court complex in Eisenhower Park. Approximately nine months later, the petitioner brought this proceeding for leave to serve and file a late notice of claim. The Supreme Court granted leave. We conclude that leave should have been denied.

It is well settled that "[t]he purpose of the statutory notice of claim requirement (General Municipal Law § 50-e) is to afford the public corporation an 'adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still available' " *(Caselli v City of New York,* 105 AD2d 251, 252,

quoting *Teresta v City of New York,* 304 NY 440, 443). The County was not afforded an adequate opportunity to "timely and efficiently" investigate the petitioner's claim *(see, Caselli v City of New York, supra,* at 252).

The petitioner's original proposed notice of claim contained no description of the alleged defect and did not specify the tennis court number where the accident took place. While the petitioner did submit a second proposed notice of claim indicating that the accident occurred on court 5, this second notice again failed to describe the nature of the alleged defect. Moreover, in a subsequently-filed affidavit, the petitioner contradicted the allegation contained in his second proposed notice of claim by stating that the accident actually occurred on court 15. The County, however, submitted the court sign in records for July 15, 1989, which indicated that the petitioner had, in fact, used court 9 on the day of the accident. We conclude that the foregoing omissions and contradictory allegations precluded the County from ascertaining precisely what type of defect was being alleged and where it was located *(see, Caselli v City of New York, supra,* at 253; *Heiman v City of New York,* 85 AD2d 25, 27; *cf., Harper v City of New York,* 129 AD2d 770).

Nor does the record support the petitioner's contentions that the County received actual notice of the defect. Although it appears that the petitioner's wife contacted the County within a week of the incident and reported that her husband had sustained an injury while playing tennis, the report filed in connection with the incident mentions nothing of a defect in the court surface as the cause of the alleged accident. Accordingly, the report did not provide the County with knowledge of the essential facts of the claim as contemplated by the statute *(see, Matter of Mallory v City of New York,* 135 AD2d 636).

Finally, the petitioner argues, *inter alia,* that he was not aware that a notice of claim requirement was applicable, that he did not consult a lawyer immediately because "he did not want to be unnecessarily litigious", and that he inspected the defect recently and observed that it had not changed since the accident. Contrary to the petitioner's contentions, these excuses do not constitute valid reasons for the granting of his application *(see, e.g., Gandia v New York City Hous. Auth.,* 173 AD2d 824, 825; *Matter of Mallory v City of New York, supra,* at 637; *Martire v City of New York,* 129 AD2d 567, 568; *Figueroa v City of New York,* 92 AD2d 908).

Under the circumstances, the petitioner's application for

leave to file a late notice of claim should have been denied. Mangano, P. J., Thompson, Eiber and Ritter, JJ., concur.