■ JUAN TORRES, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants.—Order, Supreme Court, Bronx County (Lewis R. Friedman, J.), entered December 20, 1991, which denied plaintiff's motion to amend his notice of claim nunc pro tunc pursuant to General Municipal Law § 50-e (6), unanimously reversed, on the law and the facts, and petitioner's motion granted, without costs.

In his original notice of claim on June 19, 1988, filed with Manhattan and Bronx Surface Transit Operating authority (MABSTOA), plaintiff alleged that the motorcycle he was riding was struck by a MABSTOA bus, which attempted to avoid the water spray of a fire hydrant and that the accident occurred "at or near the intersection with 147th Street and Tinton Avenue". He amended such notice to add the City as a defendant and allege that it was negligent in allowing the fire hydrant to remain open, thus causing the roadway to become slippery and wet. Thereafter, by order entered January 25, 1990, plaintiff was permitted to amend his notice of claim to indicate that the accident occurred "at or near the intersection with 149th Street and Tinton Avenue".

Plaintiff subsequently moved in June 1991 to further amend his notice of claim so as to place the scene of the accident at the intersection of 149th Street and Timpson Place.

In denying this application to amend the notice of claim, the IAS Court stated that it and the defendants had been inordinately burdened by plaintiff's practices in this action, that his excuses for repeated delays were patently inadequate and that prejudice to the City was apparent in that more than

three years have now elapsed, thus severely hampering its ability to investigate the accident scene.

According to the court, the only reference in the police accident report to "Timpson" is to "Timpson Ave" not Timpson Place and refers to the address of a witness, not the alleged scene of the accident, which, according to the court, the police report stated occurred "at the intersection of 149th Street and an Avenue beginning with a 'T'." However, an examination of the copy of the police accident report reproduced in the record reflects that the scene of the accident was "149th St * * * at intersection with * * * Timpson."

It is disputed when the City obtained a copy of the police report; however, as noted by the court in its earlier January 25, 1990 decision, the only investigation described by the City at that time was trying to find such report. No further attempt by the City to investigate the accident is alleged and MABSTOA which, unlike the City, has apparently conducted a hearing pursuant to General Municipal Law § 50-h, did not oppose plaintiff's motion.

In its opposition, the City does not refute the claim of plaintiff's counsel that he first received a copy of the accident report with the correct address at an examination before trial in January 1991 when he saw a copy of it in the City's file, but notes that the instant motion was not brought for an additional six months. The prejudice claimed is the City's inability to examine the allegedly leaking or defective hydrant. In a transitory incident such as this, however, whether such investigation takes place six months, one and a half years or three years after the accident does not appear to be determinative or constitute actual prejudice, particularly where there are five witnesses listed on the police report, including the bus driver who allegedly indicated in his examination before trial that there was an open hydrant.

Under such circumstances, where the City claims that the erroneous location undermined its investigative efforts, yet fails to show what investigation, other than the search for the police report, was undertaken, plaintiff's motion to further amend his notice of claim should have been granted *(see, Mayer v DuPont Assocs.,* 80 AD2d 799). Concur—Milonas, J. P., Ellerin, Kupferman and Kassal, JJ.