■ EUGENE CARHART et al., Appellants, v VILLAGE OF HAMILTON et al., Respondents.—Appeal from an order and judgment of the Supreme Court (Tait, Jr., J.), entered April 23, 1992 in Madison County, which granted defendants' motion for summary judgment dismissing the complaint.

Initially, we disagree with Supreme Court's conclusion that plaintiffs' failure to include the specific date the claim arose in the notice of claim rendered it jurisdictionally defective. Consequently, dismissal of the entire action was not warranted. "Whether a notice of claim substantially complies with the content requirements of General Municipal Law § 50-e (2) depends upon the circumstances of each case" *(Levine v City*

*of New York,* 111 AD2d 785, 786; *see, Shea v Incorporated Vil. of Head of Harbor,* 180 AD2d 675, 676). In addition, a determination as to the notice's sufficiency should take into consideration the purpose of the statute, which is to afford the public corporation the opportunity "to locate the defect, conduct a proper investigation, and assess the merits of the claim" *(Shea v Incorporated Vil. of Head of Harbor, supra,* at 676; *see, O'Brien v City of Syracuse,* 54 NY2d 353, 358; *Caselli v City of New York,* 105 AD2d 251, 252).

This Court has held that stray voltage, the underlying basis of plaintiffs' claim, is a continuing wrong which gives rise to a new cause of action on each day it exists *(see, Zoller v Niagara Mohawk Power Corp.,* 137 AD2d 947, 950). In such circumstances, we fail to see how plaintiffs could have been any more specific in their notice of claim as to the date. Moreover, the notice of claim was not intended to mislead defendants *(see, Cruz v City of New York,* 95 AD2d 790, 791) and, in fact, defendants were familiar with the details of plaintiffs' problem before the notice of claim was filed. Defendants' representatives visited plaintiffs' farm and a neighboring farm soon after the stray voltage was discovered and they conducted their own tests and investigation. The stray voltage problem was not controlled until plaintiffs and their neighbors each installed an "electronic grounding system". In fact, plaintiffs had to install two electronic grounding systems at a cost of $7,000 each in October 1989. Defendants' employees were involved in the installation of the systems. In addition, because of an earlier attempt in 1981 to correct the continued occurrence of electrical shocks on the farm, defendants were well aware of the duration of plaintiffs' electrical problem. The conditions have not changed so as to hinder defendants' investigation. These facts support the conclusion that the statutory requirements as to content and purpose have been met, thereby affording defendants the opportunity to investigate and determine the merits of plaintiffs' claims *(see, Shea v Incorporated Vil. of Head of Harbor, supra,* at 677).

Next, although plaintiffs claimed that their damage was the result of negligent and reckless maintenance of the electric system, they also mention that their damages were the result of negligent construction; the damages alleged are quite specific. We find that the additional causes of action in plaintiffs' complaint were at least indirectly referred to in their notice of claim and, therefore, the nature of plaintiffs' claims was not substantially or substantively changed so as to warrant dis-

missal of the complaint *(cf., Soto v City of New York,* 161 AD2d 246; *Mazzilli v City of New York,* 154 AD2d 355, 357).

We also conclude, contrary to defendants' contention, that because the harm alleged is of a continuous nature whereby causes of action continually accrue, the Statute of Limitations does not operate as a complete defense *(see, Zoller v Niagara Mohawk Power Corp.,* 137 AD2d 947, 950, *supra).* Plaintiffs are limited, however, in their recovery of damages "to those caused by the alleged unlawful acts sustained within 90 days preceding the date of filing of the notice of claim" *(Goldstein v County of Monroe,* 77 AD2d 232, 234). Finally, because plaintiffs' claims of damage are continuing and recurring in that the problem of the stray voltage is not corrected but only controlled by the electronic grounding systems operating at plaintiffs' expense, plaintiffs' damages should not be limited to the October 1989 date when the systems were installed.

Weiss, P. J., Yesawich Jr., Levine, Crew III and Mahoney, JJ., concur. Ordered that the order and judgment is modified, on the law, with costs to plaintiffs, by reversing so much thereof as dismissed those portions of the complaint which fall within the Statute of Limitations; motion denied to that extent; and, as so modified, affirmed.