■ In the Matter of THERESA ELLISON, Individually and as Parent and Natural Guardian of MICHAEL ELLISON and Another, Infants, Respondent, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants. [602 NYS2d 940] —In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the appeal is from a judgment of the Supreme Court, Kings County (Hutcherson, J.), dated May 21, 1991, which granted the application.

Ordered that the judgment is affirmed, with costs.

This claim arises from an incident that allegedly occurred on January 1, 1991, in the lobby of a building in Brooklyn, New York. It is alleged that the two infant claimants were assaulted and one was unlawfully imprisoned by police officers who may have been employed by the New York City Housing Authority (hereinafter the NYCHA). The petitioner, who is the infant claimants' mother, submitted an affidavit in support of the instant application, stating that she immediately filed a complaint with the NYCHA Police Civilian Complaint Review Board. On or about February 1, 1991, a notice of claim was filed against the City of New York and the New York City Police Department, but not against the NYCHA. In her affidavit, the petitioner stated that from time to time, she had observed both New York City Police officers and NYCHA police officers in the lobby of the building where this alleged incident occurred. She stated further that the officers who allegedly assaulted her children had not identified themselves as being employed by NYCHA, but in any event, immediate and actual notice of the incident had been given to that agency when she filed the complaint on the very same day with the Civilian Complaint Review Board. The application for leave to serve a notice of claim was brought approximately two weeks after the 90-day claim period expired.

The NYCHA opposed the application, arguing that the petitioner had not provided a legitimate excuse for failing to file a timely notice of claim. However, the NYCHA did not rebut the petitioner's statement that she had filed an immediate complaint concerning this incident with its Civilian Com-

plaint Review Board. The Supreme Court granted the petitioner's application. We now affirm.

The court considered the relevant factors and properly exercised its discretion pursuant to General Municipal Law § 50-e (5) *(see, Matter of Sanders v New York City Hous. Auth.,* 170 AD2d 607). The NYCHA's claim of prejudice, purportedly flowing from the two-week delay, is conclusory and not supported by the record. Indeed, the NYCHA did not rebut the petitioner's contention that the complaint she filed with its Civilian Complaint Review Board provided it with actual notice of the essential facts constituting the claim within the specified 90-day time period *(see,* General Municipal Law § 50-e [5] ; *Goodall v City of New York,* 179 AD2d 481; *Nouri v City of New York,* 90 AD2d 745). Under the circumstances, we agree with the court's determination that the delay in serving the notice of claim here did not prejudice NYCHA's ability to maintain its defense on the merits. Mangano, P. J., Balletta, Rosenblatt and Ritter, JJ., concur.