■ KAREN MAZZA et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendant.—In an action to recover damages, *inter alia,* for personal injuries, plaintiffs appeal from a judgment of the Supreme Court, Richmond County (Felig, J.), dated May 8, 1984, which (1) denied their motion for leave to amend their notice of claim, and (2) granted a cross motion by the defendant City of New York to dismiss the complaint as against it.

Judgment affirmed, without costs or disbursements.

A court may, in its discretion, grant a motion for leave to amend a notice of claim (General Municipal Law § 50-e [6]) where it determines that two conditions have been met: first, the mistake, omission, irregularity or defect in the original notice must have been made in good faith, and second, it must appear that the public corporation has not been prejudiced thereby (*Caselli v City of New York,* 105 AD2d 251, 254; *Nouri v City of New York,* 90 AD2d 745, 746).

There is no claim in this case that the original notice of claim was prepared in bad faith. However, the purpose of the statutory notice of claim requirement (General Municipal Law § 50-e) is to provide a public corporation with "an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available" (*Teresta v City of New York,* 304 NY 440, 443; *see also, O'Brien v City of Syracuse,* 54 NY2d 353, 358; *Salesian Socy. v Village of Ellenville,* 41 NY2d 521, 524; *Levine v City of New York,* 111 AD2d 785; *Caselli v City of New York, supra,* at p 252). In this case, which involves an allegedly defective condition on a street, the original notice of claim was patently insufficient with respect to setting forth "the place where and the manner in which the claim arose" with adequate specificity (General Municipal Law § 50-e [2]; *see also, Schwartz v City of New York,* 250 NY 332; *Caselli v City of New York, supra,* at p 253; *Cruz v City of New York,* 95 AD2d 790; *Evers v City of New York,* 90 AD2d 786; *Faubert v City of New York,* 90 AD2d 509; *Matter of Klobnock v City of New York,* 80 AD2d 854; *Campbell v City of New York,* 78 AD2d 631). As a result, the city was clearly prejudiced, because the defect in the notice of claim deprived it of the opportunity to conduct the type of prompt and adequate investigation that General Municipal Law § 50-e is intended to provide. Moreover, that prejudice was not dissipated merely because the plaintiffs finally provided the city with a specific description of the place where the claim arose more than 13

months after the date of the injury.* Finally, plaintiff Karen Mazza'a assertion that she had visited the location more than 15 months after the fact and found the alleged defect to be unchanged lacked the necessary assurance to enable the city to conduct a meaningful, belated investigation.

Under all of the circumstances, the denial of plaintiffs' motion for leave to amend their notice of claim, and the granting of the city's cross motion to dismiss the complaint as against it, was not an improvident exercise of discretion. Gibbons, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.

---

* Plaintiff Karen Mazza was allegedly injured on November 2, 1982. On or about December 13, 1983, plaintiffs served their summons and complaint and their motion for leave to amend the notice of claim, both of which contained specific descriptions of the place where the claim arose. On December 16, 1983, plaintiff Karen Mazza gave testimony regarding the place of occurrence at a comptroller's hearing (General Municipal Law § 50-h).