■ JENNIE MARTIRE et al., Respondents, v CITY OF NEW YORK, Appellant, et al., Defendant.—In a negligence action to recover damages for personal injuries, etc., the defendant City of New York appeals from an order of the Supreme Court, Kings County (Bellard, J.), dated August 20, 1985, which granted the plaintiffs' motion for leave to amend their notice of claim, and denied the city's cross motion to dismiss the complaint insofar as it is asserted against it.

Ordered that the order is reversed, on the law and as a matter of discretion, without costs or disbursements, the motion is denied, the cross motion is granted, the complaint is dismissed as against the city, and the action against the remaining defendant is severed.

A court may, in its discretion, grant a motion for leave to amend a notice of claim (see, General Municipal Law § 50-e [6]) where it determines first, that the mistake, irregularity or defect in the original notice was made in good faith, and second, that it appears that the public corporation has not been prejudiced thereby (Caselli v City of New York, 105 AD2d 251, 254).

There has been no showing that the original notice of claim was prepared in bad faith. However, in this case, which involves an allegedly defective sidewalk condition, the original notice of claim was concededly in error with respect to setting forth "the place where and the manner in which the claim arose" with adequate specificity (General Municipal Law § 50-e [2]; see, Schwartz v City of New York, 250 NY 332, 335; Caselli v City of New York, supra, at 252; Cruz v City of New York, 95 AD2d 790; Evers v City of New York, 90 AD2d 786). Contrary to Special Term's decision, the defect in the notice of claim clearly prejudiced the city by depriving it of the opportunity to conduct the type of prompt investigation that General Municipal Law § 50-e is intended to permit. The fact that more than seven months after the injury the plaintiffs finally provided the city with the correct location where the claim arose did not serve to dissipate the prejudice. Nor did the plaintiff Jennie Martire's assertion that she visited the location some seven months after the fact and found the alleged defect unchanged contain the necessary assurance to enable the city to conduct a meaningful investigation (see, Mazza v City of New York, 112 AD2d 921).

Accordingly, it was an improvident exercise of discretion for Special Term to grant the plaintiffs' motion to amend their notice of claim (see, Matter of Malla v City of New York, 129

AD2d 580 [decided herewith]), and to deny the city's cross motion to dismiss the complaint. Brown, J. P., Niehoff, Eiber and Sullivan, JJ., concur.