■ In the Matter of MILTON MALLA, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendants.—In a negligence action to recover damages for personal injuries, the defendant City of New York appeals from an order of the Supreme Court, Kings County (Bellard, J.), dated August 21, 1985, which granted the plaintiff's motion for leave to amend his notice of claim.

Ordered that the order is reversed, on the law and as an exercise of discretion, without costs or disbursements, and the plaintiff's motion is denied.

In this case, which involves an allegedly defective sidewalk condition, the notice of claim, which mistakenly placed the accident site several miles distant from the allegedly correct site, was patently inadequate with respect to setting forth "the place where * * * the claim arose" (General Municipal Law § 50-e [2]; *see, Schwartz v City of New York,* 250 NY 332). As a result, the city was clearly prejudiced because the defect in the notice made it impossible for the city to locate the purported defect and conduct a meaningful investigation to assess the merits of the claim *(see, Caselli v City of New York,* 105 AD2d 251, 253). This prejudice was not dissipated merely by the fact that the plaintiff provided the city with the correct location more than nine months after the date of his injury. The plaintiff's assertion that he visited the accident location more than 13 months after the claim arose and found the alleged defect to be in the same condition was insufficient to enable the city to conduct a meaningful investigation *(see, Mazza v City of New York,* 112 AD2d 921).

Accordingly, Special Term improvidently exercised its discretion in granting the plaintiff's motion *(see, Martire v City of New York,* 129 AD2d 567 [decided herewith]). Brown, J. P., Niehoff, Eiber and Sullivan, JJ., concur.