■ LOIDA SERRANO, Appellant, v CITY OF NEW YORK, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated March 31, 1987, which denied her motion for leave to serve an amended notice of claim and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Approximately 11 months after sustaining injuries allegedly due to a defective sidewalk condition, the plaintiff sought leave to amend her original notice of claim which had misidentified the street adjacent to which the alleged sidewalk defect was located. Noting its lateness and the existence of prejudice to the defendant, the Supreme Court denied the plaintiff's application and granted the defendant's cross motion for summary judgment dismissing the complaint. We affirm.

The Supreme Court properly exercised its discretion in declining to grant the plaintiff leave to serve an amended notice of claim (see, General Municipal Law § 50-e [6]). The plaintiff's misdescription of the accident location, coupled with the delay which ensued prior to her present application, prejudiced the city by depriving it of the opportunity to conduct the type of prompt investigation and assessment of the plaintiff's claim envisioned by General Municipal Law § 50-e (see, Harper v City of New York, 129 AD2d 770; Martire v City of New York, 129 AD2d 567; Matter of Malla v City of New York, 129 AD2d 580; see also, Caselli v City of New York, 105 AD2d 251; Faubert v City of New York, 90 AD2d 509).

Moreover, the fact that the plaintiff ultimately supplied the defendant with the correct location of the alleged defect some 11 months after the claim arose does not serve to mitigate the extent of the prejudice which would be sustained by the defendant (see, Martire v City of New York, supra). Finally, the plaintiff's belated representation that, upon recent inspection she found the alleged defect to be unchanged, provides no substitute for the timely notice to which the defendant is entitled in order to facilitate a meaningful investigation of the claim against it (see, Martire v City of New York, supra; Matter of Malla v City of New York, supra). Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.