■ MICHELE SMITH, Appellant, v VILLAGE OF HEMPSTEAD, Respondent, et al., Defendant.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Robbins, J.), entered February 17, 1987, which, upon granting the defendant Village of Hempstead's motion for summary judgment, dismissed the complaint as against it.

Ordered that the judgment is affirmed, with costs.

We agree with the Supreme Court, Nassau County, that dismissal of the complaint as against the Village of Hempstead was warranted since the plaintiff's notice of claim was defective. Contrary to the plaintiff's contention, the description of the alleged accident site in her notice of claim was too vague to permit the village to properly investigate the claim (see, Mazza v City of New York, 112 AD2d 921; Caselli v City of New York, 105 AD2d 251). Specifically, the notice of claim alleged that the accident occurred "on the parking lot at

Cooper Street and Washington Street, Hempstead, New York". However, it is not disputed that there are four parking lots located at or near the named intersection. While the plaintiff was given several opportunities to provide the village with a more definite location of the purported accident, she failed to do so. Her counsel's belated request, made about 19 months after the alleged accident and only in opposition to the village's motion, for an order directing the plaintiff to appear at the place of the alleged accident and point out to the village the exact location, was insufficient to eliminate the prejudice to the village in its defense to this action. Bracken, J. P., Lawrence, Spatt and Harwood, JJ., concur.