■ MAZEL SETTON et al., Respondents, v CITY OF NEW YORK, Appellant.—In a proceeding pursuant to General Municipal Law § 50-e (6) for leave to serve an amended notice of claim nunc pro tunc, the appeal is from a judgment of the Supreme Court, Kings County (Garry, J.), dated November 13, 1989, which granted the application.

Ordered that the judgment is reversed, on the law and as an exercise of discretion, with costs, and the petitioners' application is denied.

The original notice of claim in this case, involving an allegedly defective sidewalk condition, misidentified the actual location where the claim arose and was, therefore, inadequate to meet the statutory requirements (see, General Municipal Law § 50-e [2]). The appellant conducted a prompt investigation but at the wrong site as specified in the notice of claim. Thus, the mistake in the notice clearly prejudiced the appellant by depriving it of the opportunity to conduct a prompt, meaningful investigation to assess the merits of the petitioners' claim (see, O'Brien v City of Syracuse, 54 NY2d 353, 358;

*Krug v City of New York,* 147 AD2d 449). The testimony of the petitioner Mazel Setton at the Comptroller's hearing, conducted more than five months after the claim arose, did not serve to dissipate the prejudice to the appellant since it contradicted the notice of claim and served to obscure the correct location of the accident *(see, Caselli v City of New York,* 105 AD2d 251, 254). Contrary to the petitioners' contention, the location of the accident provided in the amended notice of claim annexed to the instant application differed materially from the hearing testimony. We, therefore, conclude that the discrepancies in the various descriptions of the accident site rendered it impossible for the appellant to conduct a meaningful investigation. We further note that the notice of the alleged sidewalk defect served on the New York City Department of Transportation approximately three months prior to the accident at issue is not an adequate substitute for a notice of claim which describes the accident site with sufficient particularity. Accordingly, it was an improvident exercise of discretion for the Supreme Court to permit the petitioners to amend their notice of claim *(see, e.g., Serrano v City of New York,* 143 AD2d 652; *Martire v City of New York,* 129 AD2d 567; *Matter of Malla v City of New York,* 129 AD2d 580). Thompson, J. P., Kunzeman, Miller and O'Brien, JJ., concur.