■ VERA CAPPADONNA et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—In a negligence action to

recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Vinik, J.), dated July 6, 1990, which granted the defendant's motion to dismiss the complaint on the ground that the notice of claim failed to comply with the requirements of General Municipal Law § 50-e (2).

Ordered that the order is affirmed, without costs or disbursements.

General Municipal Law § 50-e (2) provides, in part, that a notice of claim shall set forth "the time when, the place where and the manner in which the claim arose". We agree with the Supreme Court's determination that the plaintiffs' notice of claim, which alleged that she was injured "as a result of a fall on a wet substance on the subway platform at 53rd Street and Lexington Avenue", failed to specify with sufficient particularity the situs of the accident (see, Caselli v City of New York, 105 AD2d 251; see also, Frankfort v City of New York, 159 AD2d 680; Mitchell v City of New York, 131 AD2d 313; Harper v City of New York, 129 AD2d 770; Goodson v New York City Tr. Auth., 66 AD2d 675). The defendant was prejudiced by this inadequacy in the notice of claim, since it made it impossible for the defendant to locate the purported dangerous condition and to conduct a meaningful investigation to assess the merits of the claim (see, Setton v City of New York, 174 AD2d 723; Matter of Malla v City of New York, 129 AD2d 580; Martire v City of New York, 129 AD2d 567).

Contrary to the plaintiffs' argument, the injured plaintiff's testimony at the General Municipal Law § 50-h hearing held four months after the accident failed to cure the defect in her notice (see, Caselli v City of New York, supra; cf., Cruz v City of New York, 95 AD2d 790). Moreover, the plaintiffs' reliance upon the police aided report is misplaced because it, too, fails to indicate with clarity the spot on the 670-foot platform where the injured plaintiff claims she fell, and merely states that "while running to the train * * * she slipped on something", without mentioning the nature of that "something" (see, Caselli v City of New York, supra; Frankfort v City of New York, supra; Krug v City of New York, 147 AD2d 449). That the defendant did not raise the issue as an affirmative defense in its answer and waited until the eve of trial to make its motion to dismiss does not constitute a waiver or give rise to an estoppel under the circumstances of this case (see, Nicholas v City of New York, 130 AD2d 470; see also, Reaves v

*City of New York,* 177 AD2d 437). Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.