■ BRIAN J. THOMAS, Appellant, v TOWN OF OYSTER BAY, Respondent, et al., Defendant.—In an action to recover damages for personal injuries, etc., the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated December 7, 1990, as granted the cross motion of the defendant Town of Oyster Bay for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

General Municipal Law § 50-e requires that a notice of claim identify the geographical location of an accident and be served within the time specified so that the location may be investigated before conditions change and memories of relevant occurrences fade *(see, Altmayer v City of New York,* 149 AD2d 638; *Mazza v City of New York,* 112 AD2d 921; *Caselli v City of New York,* 105 AD2d 251). The notice of claim served herein was insufficient to accomplish its intent. Since service of a notice of claim within the time specified in General Municipal Law § 50-e is a condition precedent to the maintenance of a tort action against a municipal entity, and the notice served herein failed to specify where the alleged defect which was the gravamen of the case was located, the complaint was properly dismissed insofar as it is asserted against the Town of Oyster Bay. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.