■ BETTY A. EHERTS et al., Appellants, v COUNTY OF ORANGE et al., Respondents. [626 NYS2d 836] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Orange County (Owen, J.), dated April 4, 1994, which granted the motion of the defendant County of Orange for summary judgment dismissing the complaint insofar as it is asserted against it, (2) a judgment of the same court, entered April 26, 1994, which, upon the order, dismissed the complaint insofar as it is asserted against that defendant, (3) an order of the same court, dated May 25, 1994, which granted the motion of the defendant Town of Deerpark for summary judgment dismissing the complaint insofar as it is asserted against it, and (4) a judgment of the same court, dated June 7, 1994, which, upon the order, dismissed the complaint insofar as it is asserted against it.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgments are affirmed; and it is further,

Ordered that the respondents, appearing separately and filing separate briefs, are awarded one bill of costs.

The appeal from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with

the entry of judgments in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the orders are brought up for review and have been considered on the appeal from the judgments *(see,* CPLR 5501 [a] [1]).

On March 11, 1993, the plaintiff Betty Ann Eherts, while driving on Neversink Drive (County Road 80) in the Town of Deerpark, County of Orange, skidded on a patch of ice and spun off the road into a tree. In her notices of claim filed with the Town and the County on or about May 6, 1993, the plaintiff—relying, apparently, on an incorrect police report— identified the site of the ice patch as being one half of a mile south of the Hickory Avenue intersection in the southbound lane on Neversink Drive. At her hearing pursuant to General Municipal Law § 50-h on July 2, 1993, however, Ms. Eherts testified that her accident had occurred about a mile away from this location, as she was traveling *northbound* on Neversink Drive, at some point *north* of Hickory Avenue. Thereafter, the plaintiffs failed to move to amend their notices of claim, and indeed repeated the incorrect accident location in their complaint, served on or about July 27, 1993, and in their bill of particulars, served on or about September 14, 1993. The County sent an investigator to examine the incorrect accident site before the hearing was held, and the Town also claimed to have dispatched an investigator to survey the wrong location. The defendants moved separately for summary judgment, and the court granted their motions. We now affirm.

It is well established that a plaintiffs' complaint is properly dismissed where they have failed to identify with sufficient particularity the location of the accident in their notice of claim *(Caselli v City of New York,* 105 AD2d 251, 253; *see also, Thomas v Town of Oyster Bay,* 190 AD2d 731; *Cappadonna v New York City Tr. Auth.,* 187 AD2d 691). The cases are also in agreement that where a municipality is misled by an erroneous notice of claim to conduct an investigation at the wrong situs, this circumstance by itself constitutes "serious prejudice" to the defendant, warranting dismissal of the complaint *(Setton v City of New York,* 174 AD2d 723; *Konsker v City of New York,* 172 AD2d 361; *Krug v City of New York,* 147 AD2d 449). The defect is not cured by submission of photographs of the correct location *(Konsker v City of New York, supra,* at 362); nor does the plaintiffs' assertion that the accident scene is essentially unchanged since the date of the accident constitute a satisfactory substitute for the municipality's opportunity to conduct a meaningful investigation *(Serrano v City of New York,* 143 AD2d 652; *Matter of Malla v City of New York,*

129 AD2d 580; *Martire v City of New York,* 129 AD2d 567; *Mazza v City of New York,* 112 AD2d 921). Bracken, J. P., Pizzuto, Santucci and Friedmann, JJ., concur.