■ ANTON SLUITER, Respondent, v GARRISON PROTECTIVE SERVICES, INC., Appellant. [653 NYS2d 3] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about November 22, 1995, which granted plaintiff's motion to strike defendant's answer, and judgment, same court and Justice, entered April 19, 1996, in favor of plaintiff on the issue of liability, unanimously affirmed, without costs.

We agree with the IAS Court that defendant's failure to comply with any of plaintiff's discovery demands as directed in two prior court orders warrants the striking of its answer (*see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3126:8, at 758-759). The willfulness of this noncompliance is inferable from the length of the delay and defendant's failure to offer an adequate excuse (*see, Seamon v Apel*, 191 AD2d 406). How compliance was impeded, as defendant claims, by the criminal investigation into its operations is not explained. We have considered defendant's remaining contentions and find them to be without merit. Concur—Wallach, J. P., Nardelli, Tom, Mazzarelli and Andrias, JJ.

■ VILMARIS RIVERA, an Infant, by His Mother and Natural Guardian, CARMEN RIVERA, et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [652 NYS2d 287] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered September 20, 1995, which granted defendant's motion to dismiss the complaint for failure to timely serve a proper notice of claim, unanimously affirmed, without costs.

We agree with the IAS Court that defendant was prejudiced by plaintiffs' failure to provide the correct address of the building where the accident occurred until service of their summons and complaint, some nine months after the accident (*Barno v New York City Hous. Auth.*, 185 AD2d 292; *see also, Matter of Green v New York City Hous. Auth.*, 180 AD2d 586). We also agree with the IAS Court that there was no excuse for this delay, plaintiffs having been advised by defendant some three months after the accident that it did not own a building at the address given in plaintiffs' notice of claim. Concur—Wallach, J. P., Nardelli, Tom, Mazzarelli and Andrias, JJ.