■ WILLIAM AUSTIN, Respondent, v CITY OF YONKERS, Appellant. [663 NYS2d 270] —In an action to recover damages for personal injuries, the defendant, City of Yonkers, appeals from an order of the Supreme Court, Westchester County (Cowhey, J.), entered June 21, 1996, which granted the plaintiff's motion for leave to serve an amended notice of claim and denied its cross motion to dismiss the complaint.

Ordered that the order is reversed, on the law and as an exercise of discretion, with costs, the motion is denied, the cross motion is granted, and the complaint is dismissed.

On or about June 11, 1991, the plaintiff served a notice of claim alleging that on May 31, 1991, he sustained injuries as a result of a defect in a sidewalk and curb at a particular location in Yonkers. In February 1996 the plaintiff moved for leave to file an amended notice of claim which indicated a different accident site. The defendant opposed the motion and cross-moved to dismiss the complaint based on the defect in the original notice of claim.

Good-faith mistakes in notices of claim may be corrected, in the court's discretion, provided that the municipality has not been prejudiced thereby (*see,* General Municipal Law § 50-e [6]). Although the defendant does not dispute that the mistake in the original notice of claim in this case was made in good faith, the record indicates that the defendant was prejudiced in its ability to conduct a prompt investigation of the site of the plaintiff's accident. Moreover, the record does not support the plaintiff's contention that his complaint, bill of particulars, and testimony at pre-trial examinations provided the defendant with information sufficient to permit an adequate investigation. Considering the prejudice to the defendant resulting from the inaccurate description of the accident site in the original notice of claim, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion to amend his notice of claim (*see, Setton v City of New York,* 174 AD2d 723; *Serrano v City of New York,* 143 AD2d 652). Bracken, J. P., Rosenblatt, Copertino and Luciano, JJ., concur.