█ INES PELAEZ, Appellant, v CITY OF NEW YORK, Respondent. [913 NYS2d 771]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Flug, J.), dated June 24, 2010, which granted the defendant's motion to dismiss the complaint on the ground that the notice of claim did not comply with General Municipal Law § 50-e (2), and denied her cross motion for leave to amend her notice of claim.

Ordered that the order is affirmed, with costs.

More than two years after the plaintiff's claim accrued, the defendant moved to dismiss the complaint on the ground that the notice of claim did not comply with General Municipal Law § 50-e (2), in that it failed to set forth, with sufficient particularity, the place where the claim arose (*see Eherts v County of Orange*, 215 AD2d 524, 525 [1995]; *Thomas v Town of Oyster Bay*, 190 AD2d 731 [1993]; *Cappadonna v New York City Tr. Auth.*, 187 AD2d 691, 692 [1992]). The plaintiff cross-moved for leave to amend her notice of claim, conceding that it contained the incorrect address of the property adjacent to the allegedly defective sidewalk where the accident occurred. The Supreme Court granted the defendant's motion to dismiss the complaint and denied the plaintiff's cross motion for leave to amend her notice of claim. We affirm.

A motion for leave to amend a notice of claim may be granted provided that the error in the original notice of claim was made in good faith and the municipality has not been prejudiced thereby (*see* General Municipal Law § 50-e [6]; *Canelos v City of New York*, 37 AD3d 637, 638 [2007]; *Matter of Puzio v City of New York*, 24 AD3d 679 [2005]; *Matter of Lebron v City of New York*, 293 AD2d 473, 474 [2002]). Here, the plaintiff's incorrect description of the accident location prejudiced the defendant by depriving it of the opportunity to conduct the type of prompt

investigation envisioned by General Municipal Law § 50-e (*see Canelos v City of New York*, 37 AD3d at 638; *Serrano v City of New York*, 143 AD2d 652, 653 [1988]; *Matter of Malla v City of New York*, 129 AD2d 580 [1987]), especially since the defendant advised the plaintiff, one month after the accident, that it did not own the building located at the address set forth in the notice of claim (*see Rivera v New York City Hous. Auth.*, 235 AD2d 296 [1997]; *cf. Santiago v County of Suffolk*, 280 AD2d 594, 594-595 [2001]). The fact that the plaintiff ultimately provided the defendant with the correct address of the building in her complaint and in her bill of particulars approximately nine months after the accident did not mitigate the prejudice (*see Serrano v City of New York*, 143 AD2d 652 [1988]; *Matter of Malla v City of New York*, 129 AD2d 580 [1987]; *Martire v City of New York*, 129 AD2d 567 [1987]). Moreover, the plaintiff's assertion that the accident scene was essentially unchanged since the date of the accident did not constitute a satisfactory substitute for the municipality's opportunity to conduct a meaningful investigation (*see Eherts v County of Orange*, 215 AD2d at 525; *Serrano v City of New York*, 143 AD2d at 653; *Matter of Malla v City of New York*, 129 AD2d 580 [1987]).

Accordingly, the Supreme Court properly denied the plaintiff's cross motion for leave to amend her notice of claim and properly granted the defendant's motion to dismiss the complaint. Rivera, J.P., Covello, Eng, Leventhal and Austin, JJ., concur.