◼ Anne Marie Murtha, Respondent, v Town of Huntington et al., Defendants, and County of Suffolk, Appellant. [991 NYS2d 98]—

In an action to recover damages for personal injuries, the defendant County of Suffolk appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated October 22, 2013, which granted the plaintiff's motion for leave to serve an amended notice of claim.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiff's motion for leave to serve an amended notice of claim is denied.

On or about August 16, 2012, the plaintiff served a notice of claim alleging that, on June 3, 2012, she was walking along the north crosswalk on Larkfield Road at its intersection with Pulaski Road in the Town of Huntington, Suffolk County, when she tripped and fell, sustaining personal injuries. In her verified complaint dated April 23, 2013, approximately eight months after service of the notice of claim, the plaintiff again alleged that she was injured at that same specific location. The plaintiff subsequently moved, on July 17, 2013, for leave to serve an amended notice of claim, conceding that the original notice of claim contained incorrect information as to the location of her accident. The defendant County of Suffolk opposed the motion, contending that the incorrect information about the location of the accident in the notice of claim and verified complaint prejudiced the County by depriving it of the opportunity to conduct a proper and meaningful investigation "while the facts surrounding the incident were still fresh" (*Charleston v Incorporated Vil. of Cedarhurst*, 62 AD3d 641, 642 [2009]; *see Pelaez v City of New York*, 79 AD3d 1115 [2010]). By order dated October 22, 2013, the Supreme Court granted the plaintiff's motion.

A court may, in its discretion, grant a motion for leave to amend a notice of claim which has been served where it determines that two conditions have been met: first, the mistake, omission, irregularity, or defect must have been made in good faith; and second, it must appear that the public corporation has not been prejudiced thereby (*see Canelos v City of New York*, 37 AD3d 637, 638 [2007]). Since bad faith by the plaintiff was not asserted, the only issue presented here is whether service of the amended notice of claim would prejudice the County. The record indicates that the plaintiff's incorrect information as to the accident location prejudiced the County in its ability to conduct a prompt and meaningful investigation of the accident site (*see id.*; *Serrano v City of New York*, 143 AD2d 652, 653 [1988]; *Matter of Malla v City of New York*, 129 AD2d 580 [1987]), especially since the County notified the plaintiff by letter dated August 31, 2012, that it did not own or maintain the crosswalk located on Larkfield Road, the location of the accident provided in the notice of claim (*see Pelaez v City of New York*, 79 AD3d at 1116; *Rivera v New York City Hous. Auth.*, 235 AD2d 296 [1997]).

Moreover, the record does not support the plaintiff's assertion that the notice of claim, which included attached photographs of an unidentified crosswalk and a circular pavement defect, as well as her testimony at the General Municipal Law § 50-h hear-

ing, provided the County with accurate information sufficient to allow for a proper inspection (*see Austin v City of Yonkers*, 243 AD2d 597 [1997]). Finally, the plaintiff's contention that the circular pavement defect was essentially unchanged since the date of the accident did not constitute a satisfactory substitute for the County's opportunity to conduct a meaningful investigation (*see Pelaez v City of New York*, 79 AD3d at 1116; *see Eherts v County of Orange*, 215 AD2d 524, 525 [1995]; *Serrano v City of New York*, 143 AD2d at 653).

Considering the prejudice resulting from the inaccurate information as to the location of the plaintiff's accident set forth in the original notice of claim, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion for leave to serve an amended notice of claim (*see Austin v City of Yonkers*, 243 AD2d 597 [1997]; *Setton v City of New York*, 174 AD2d 723, 724 [1991]). Chambers, J.P., Austin, Hinds-Radix and Duffy, JJ., concur.