# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1316**
**CA 15-00962**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

---

JANE DOE, AN INFANT, BY HER PARENT AND NATURAL
GUARDIAN, ROBERTA DOE AND ROBERTA DOE,
INDIVIDUALLY, PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

ROCHESTER CITY SCHOOL DISTRICT,
DEFENDANT-RESPONDENT.

---

SEGAR & SCIORTINO, PLLC, ROCHESTER (JENNIFER LUNSFORD OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.

EDWIN LOPEZ-SOTO, GENERAL COUNSEL, ROCHESTER (MICHAEL E. DAVIS OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered August 19, 2014. The order denied plaintiffs' motion for leave to amend their notice of claim, complaint and bill of particulars.

It is hereby ORDERED that the order so appealed from is reversed on the law without costs and the motion is granted.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Jane Doe, a special needs student in defendant, Rochester City School District (District), as the result of an alleged assault and rape at Dr. Freddie Thomas High School (Freddie Thomas). Doe reported the crimes to the Rochester Police Department on March 16, 2012, the date they allegedly occurred, and identified her assailant as an African-American student enrolled at East High School (East). She also reported that the attack occurred at lunchtime in the girls' restroom adjacent to the cafeteria at Freddie Thomas. Using video surveillance footage from Freddie Thomas and East during its investigation, the District determined that the accused rapist could not have committed the acts alleged by Doe.

Doe thereafter reported to the police that her assailant was a white student with brown hair, green eyes, and a small scar on his neck. She identified the location of the attack as the girls' locker room adjacent to the gym at Freddie Thomas and the time of the attack as the afternoon. The District, again using video surveillance recordings, investigated Doe's allegations.

Plaintiffs timely filed a notice of claim that alleged,

consistent with Doe's second report of the incident, that Doe was forcibly assaulted and raped in a locker room at Freddie Thomas. Plaintiffs further alleged that Doe's injuries were the result of the District's negligence in failing to provide Doe with adequate supervision in accordance with her Individualized Education Program (IEP). At the time of the incident, the IEP required, inter alia, that the District provide Doe with transportation between her home and East, where she was enrolled as a student. In addition, the IEP required the District to provide Doe with an aide who would accompany her at all times throughout the school day. Plaintiffs allege that on the day of the attack, Doe walked to Benjamin Franklin High School (Franklin), which she did not attend, entered the school office, and asked to go to Freddie Thomas, which she also did not attend. A teacher allegedly drove her from Franklin to Freddie Thomas, where Doe remained for the entire school day without supervision.

Following the commencement of the action, Doe testified at her deposition that her assailant was an adult African-American male. Doe recalled that he wore a name tag and she believed that he was a janitor employed at Freddie Thomas. She testified that he raped her under the bleachers on the athletic field at Freddie Thomas after school hours. Plaintiffs thereafter moved for permission to amend their notice of claim, complaint, and bill of particulars to conform to Doe's deposition testimony. We conclude that Supreme Court erred in denying the motion.

"Pursuant to [General Municipal Law] section 50-e (6), a court in its discretion may permit the correction of a notice of claim where there has been a 'mistake, omission, irregularity or defect made in good faith . . . , provided it shall appear that the other party was not prejudiced thereby' " (*Betette v County of Monroe*, 82 AD3d 1708, 1710). We conclude that Doe's documented delays in cognitive and social functioning, together with her fear of the assailant and post traumatic stress disorder allegedly resulting from the attack, provide a good faith basis for the amendment sought by plaintiffs (*see generally id.*).

We further conclude that the District is not prejudiced by the proposed amendment. Contrary to the contention of the District, the amendment sought by plaintiffs does not make "substantive changes in the theory of liability" (*Mahase v Manhattan & Bronx Surface Tr. Operating Auth.*, 3 AD3d 410, 411). Plaintiffs' theory of liability in the original notice of claim was that Doe suffered injury as the result of the District's negligent failure to provide the level of supervision that it had previously determined was necessary for her, i.e., door-to-door transportation and an aide to accompany her at all times throughout the school day. Plaintiffs' claim remains that defendant was negligent in failing to supervise Doe, regardless of the identity of her assailant or the precise location of the attack.

Further, we reject defendant's claim of prejudice based upon its loss of video surveillance footage of the location of the assault and rape specified by Doe at her deposition. Defendant was on notice that Doe was at Freddie Thomas the entire day that the incident occurred,

and it had "sufficient information to conduct a meaningful examination into the claim under the circumstances" (*Kim L. v Port Jervis City Sch. Dist.*, 40 AD3d 1042, 1044). Any prejudice suffered by the District when its video surveillance recordings were overwritten was the consequence of its own failure to preserve evidence that it knew or should have known was potentially relevant.

Finally, we conclude that the court should have permitted plaintiffs to amend the complaint and bill of particulars. "A party may amend a pleading at any time by leave of court, and such leave shall be freely given (CPLR 3025 [b]), unless prejudice would result to the nonmoving party or the proposed amendment is lacking in merit" (*Bobrick v Bravstein*, 116 AD2d 682, 682). The proposed amendment was not lacking in merit, nor would it result in prejudice to the District (*see Fusca v A & S Constr., LLC*, 84 AD3d 1155, 1157-1158, *lv dismissed* 18 NY3d 837).

All concur except CARNI, J., who dissents and votes to affirm in accordance with the following memorandum: I respectfully dissent. The service of a notice of claim is a condition precedent to suit. "The primary purpose served by the notice is prompt investigation and preservation of evidence of the facts and circumstances out of which claims arise" (*Matter of Ziecker v Town of Orchard Park*, 70 AD2d 422, 427, *affd* 51 NY2d 957). A notice of claim may be amended only to correct good faith and nonprejudicial technical mistakes, omissions, or defects, but it may not be amended to substantively change the nature of the claim (*see* General Municipal Law § 50-e [6]). It is well settled that substantive changes to the facts, including, inter alia, the situs of the incident, are not technical in nature and are not permitted as amendments to the notice of claim (*see Ahmed v New York City Hous. Auth.*, 119 AD3d 494, 495-496). Indeed, where the municipality is misled by the erroneous notice of claim to conduct an investigation at the wrong situs, that circumstance alone results in serious prejudice (*see Eherts v County of Orange*, 215 AD2d 524, 525, *lv denied* 86 NY2d 708; *Martire v City of New York*, 129 AD2d 567, 567, *lv denied* 70 NY2d 609). With respect to leave to serve a late notice of claim, the 1976 amendments to General Municipal Law § 50-e, liberalizing the conditions upon which, and the time within which, leave to serve a late notice of claim may be granted, expressly direct that whether the public corporation did or did not have knowledge be accorded great weight (*see Ziecker*, 70 AD2d at 427).

Because the relevant dates and time periods are critical to the analysis, I set them forth at the outset. Plaintiffs first alleged that Doe was assaulted on March 16, 2012, at lunchtime in the girls' restroom near the cafeteria. She identified her assailant by name and described him as a known male friend of hers and a fellow student. Defendant, Rochester City School District (District), and the Rochester Police Department promptly investigated the incident. The District reviewed and retained video surveillance depicting the area outside of the girls' restroom near the cafeteria, and it empirically demonstrated that the incident could not have happened as Doe described. The video was shown to the Rochester Police.

On April 5, 2012, after being confronted by the Rochester Police with the District's video evidence, Doe changed her story. She then alleged that the assault happened in the girls' locker room. This time, the assailant was described as a white male with brownish hair and a small scar on the left side of his neck. She alleged that she met this individual in the school library. The District again reviewed and retained video surveillance that depicted the area outside of the girls' locker room at the time and place alleged by Doe. That video was also shown to the Rochester Police, and the investigating officer noted in his report on April 17, 2012, that the video depicted Doe walking towards the gym alone and that no one followed her into the girls' locker room. Additionally, the Rochester Police determined that there were no white males who fit the description given by Doe enrolled at Dr. Freddie Thomas High School (Freddie Thomas).

On June 1, 2012, plaintiffs' counsel made a telephone request to the Rochester Police for the investigation file concerning Doe's alleged assault. There is no indication in this record that plaintiffs' counsel made a request to the District that it preserve any particular video recording or all of the District's video recordings at every location at Freddie Thomas on March 16, 2012.

On June 11, 2012, plaintiffs served a verified notice of claim which alleged that Doe was assaulted in a locker room by an unknown male who she believed was a student at Freddie Thomas. On October 24, 2012, the District conducted a General Municipal Law § 50-h hearing. At that hearing, Doe testified that the assailant had "brown" skin and "black curly hair" and did not have any marks or scars on his body that Doe observed. However, Doe did report for the first time that the assailant had a "little black circle" on his neck. Doe testified that the assault took place in the restroom near the cafeteria.

Plaintiffs commenced this action on January 28, 2013. The complaint failed to identify any location where the assault allegedly occurred. On May 29, 2014, more than two years after the alleged incident, Doe testified at an examination before trial that she was assaulted by a male employee, who was "new" to the school, by the name of "Mr. Lee." According to Doe's testimony, she agreed to meet "Mr. Lee" after school, outside of the building near the bleachers for the soccer field. Doe described "Mr. Lee" as a black adult male in his "late 30s or 40s." According to Doe, "Mr. Lee" did not have any marks or tattoos, but he did wear glasses.

On July 2, 2014, more than two years after the alleged incident, plaintiffs moved for leave to amend the notice of claim pursuant to General Municipal Law § 50-e (6), or in the alternative, leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), and for leave to amend the complaint and the bill of particulars pursuant to CPLR 3025 (b).

In seeking that relief, plaintiffs offered no evidence or explanation of why the District would not be prejudiced by the changes in the notice of claim. It is well settled that it is a plaintiff's

burden in the first instance to establish the lack of prejudice when moving for leave to serve a late notice of claim under General Municipal Law § 50-e (5) (see *Matter of Kelley v New York City Health & Hosps. Corp.*, 76 AD3d 824, 829; *Matter of Lauray v City of New York*, 62 AD3d 467, 467). Moreover, plaintiffs' reply papers failed to so much as mention the issue of prejudice to the District.

Notably, in addition to the overwrite of all other video recordings by the District's routine business practice, by the time plaintiffs moved for the instant relief, Freddie Thomas had been closed and the staff had either been relocated to different schools or had left the employ of the District. Moreover, the District was unable to identify any employee at Freddie Thomas on March 16, 2012, who fit the name or physical description given by Doe more than two years after the alleged incident.

The District contends that it has been substantially prejudiced by delay and the amorphous evolution of Doe's version of the incident. I agree. I respectfully disagree with the conclusion of the majority that "any prejudice suffered by the District was the result of its own failure to preserve evidence that it knew or should have known was potentially relevant." I first point out that the period within which to serve a notice of claim is 90 days (see Education Law § 3813 [2]; General Municipal Law § 50-e [1] [a]). The District's policy at the time of the incident was to retain all security system video recordings for 90 days. I can find no fault with that policy. Here, the District retained the video directly relevant to Doe's first version of the alleged incident. Moreover, the District retained the video recording relevant to Doe's second version of the attack. It was not until more than two years later that Doe changed her story to a third version, which once again alleged a different attacker, a different location, and a different time. The District fully cooperated with the Rochester Police in the investigation of Doe's first and second versions of the incident. The District was never advised by the Rochester Police to preserve all video recordings from all school locations. Plaintiffs' counsel had an opportunity to make such a request but failed to do so.

I also respectfully disagree with the majority's conclusion that the identity of the assailant or the precise location of the attack is not relevant because plaintiffs' claim remains that defendant was negligent in failing to supervise Doe. That proposition requires the premature determination that the attack actually occurred on school premises and/or while school was in session. Importantly, the District's diligence in investigating the first version established that the attack could not have happened where and when Doe reported. The District's further diligence in investigating Doe's second version again unequivocally established that the attack did not occur where and when Doe reported. In my view, Doe's delay and evolving and misleading descriptions of her attacker and the time and place of the alleged attack may have deprived a very diligent defendant of the ultimate defense, to wit: the attack did not happen on school premises and/or at a time when the District had a duty to supervise Doe. The prejudice to the District is palpable.

    I am not unmindful of Doe's status as a "special needs" student.
However, under the circumstances, the failure to provide the District
with accurate and reliable essential facts has resulted in an
unusually high degree of prejudice to the District in defending this
action which, in my view, serves to substantially outweigh Doe's
disability (*see generally Matter of Donald E. v Gloversville Enlarged
Sch. Dist.*, 191 AD2d 749, 751).  It is well settled that the
determination whether to permit service of a late notice of claim or
to permit an amendment to the notice of claim is discretionary, and
will not be disturbed absent a clear abuse of that discretion (*see
Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 539; *Mazza v City of
New York*, 112 AD2d 921, 922).  In light of the foregoing, I conclude
that Supreme Court did not abuse its discretion, and I would affirm
the court's order denying leave to serve a late notice of claim and/or
to amend the notice of claim.

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court