Jenkins v New York City Hous. Auth. (2018 NY Slip Op 04313)





Jenkins v New York City Hous. Auth.


2018 NY Slip Op 04313


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-00913
 (Index No. 508964/14)

[*1]Angela Jenkins, appellant, 
v
New York City Housing Authority, respondent.


Annette G. Hasapidis, South Salem, NY, for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated November 28, 2016. The order granted the defendant's motion to dismiss the complaint on the ground that the notice of claim did not comply with General Municipal Law § 50-e(2), and denied her cross motion for leave to amend her notice of claim.
ORDERED that the order is affirmed, with costs.
On July 3, 2013, the plaintiff, a home care attendant, allegedly sustained personal injuries when she slipped and fell on a wet floor in certain premises in Brooklyn. On October 2, 2013, the plaintiff served a notice of claim upon the defendant, New York City Housing Authority, identifying the premises where the incident occurred as 1728 East New York Avenue in Brooklyn, and alleging that the defendant owned the premises. On October 15, 2013, counsel for the defendant advised the plaintiff's attorney in writing that the defendant was not the owner of 1728 East New York Avenue in Brooklyn. It is uncontested that the plaintiff did not respond to this letter and that the defendant did not seek to conduct a General Municipal Law § 50-h hearing.
In September 2014, the plaintiff commenced this personal injury action against the defendant relating to an incident that she alleged occurred in certain premises located at 728 East New York Avenue in Brooklyn. The defendant answered the complaint, admitting that it owned the premises located at 728 East New York Avenue in Brooklyn.
Thereafter, more than two years after the plaintiff's claim allegedly accrued, the defendant moved to dismiss the complaint on the ground that the notice of claim did not comply with General Municipal Law § 50-e(2), in that it failed to set forth the place where the claim arose. The plaintiff cross-moved for leave to amend her notice of claim, conceding that it contained the incorrect address of the building in which her accident occurred. The Supreme Court granted the defendant's motion to dismiss the complaint and denied the plaintiff's cross motion for leave to amend her notice of claim. We affirm.
A motion for leave to amend a notice of claim may be granted provided that the error in the original notice of claim was made in good faith and the municipality has not been prejudiced thereby (see General Municipal Law § 50-e[6]; D'Alessandro v New York City Tr. Auth., 83 NY2d 891; Pelaez v City of New York, 79 AD3d 1115).
Here, the plaintiff failed to meet her initial burden of demonstrating the absence of prejudice to the defendant arising from the plaintiff's incorrect description of the accident location (see Matter of Rosenblatt v New York City Health & Hosps. Corp., 149 AD3d 961, 963; Bowers v City of New York, 147 AD3d 894, 895). The plaintiff relied solely on the transient nature of the condition that allegedly caused her to fall to support her contention that the defendant did not suffer prejudice. The plaintiff did not allege that there were any witnesses to the incident or to the condition complained of, that the plaintiff received any medical assistance at the site, or that the accident was reported to anyone so as to give the defendant actual knowledge of the essential facts constituting the claim within the statutory period or a reasonable time thereafter (see General Municipal Law § 50-e[5]; Matter of Grajko v City of New York, 150 AD3d 595, 596).
Accordingly, the Supreme Court properly denied the plaintiff's cross motion for leave to amend her notice of claim and, therefore, properly granted the defendant's motion to dismiss the complaint.
MASTRO, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court