Matter of Nunez v City of New York (2022 NY Slip Op 04806)

Matter of Nunez v City of New York

2022 NY Slip Op 04806

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2020-09332
 (Index No. 713771/19)

[*1]In the Matter of Fabia Nunez, appellant,
v
City of New York, respondent.

Dino J. Domina (Lisa M. Comeau, Garden City, NY, of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Daniel Matza-Brown and Antonella Karlin of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered December 17, 2019. The order, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On April 7, 2019, the petitioner allegedly was injured when she tripped and fell while walking on the sidewalk in front of a residence in Queens. In August 2019, an attorney representing the petitioner attempted, by order to show cause, to file a petition for leave to serve a late notice of claim on the City of New York. However, the Supreme Court declined to sign the order to show cause because of procedural and form defects in the petitioner's papers. In September 2019, the attorney again attempted, by order to show cause, to file the petition, but the court again declined to sign the order to show cause because of procedural and form defects in the petitioner's papers. In October 2019, the petitioner successfully filed a petition for leave to serve a late notice of claim on the City. In an order dated December 17, 2019, the court, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
In determining whether a petitioner should be granted leave to serve a late notice of claim upon a public corporation, the court should consider, as key factors, whether the petitioner had a reasonable excuse for the delay in serving a notice of claim, whether the public corporation acquired actual knowledge of the essential facts of the claim within the statutory 90-day period or within a reasonable time thereafter, and whether the public corporation will be substantially prejudiced by the delay in its defense on the merits (see General Municipal Law § 50-e[5]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460-461; Matter of Bermudez v City of New York, 167 AD3d 733, 734).
Here, the petitioner conceded that she presented no reasonable excuse for the delay in timely serving a notice of claim upon the City (see W.Z. v New York City Health and Hosps. Corp., 185 AD3d 759, 761; Matter of Ruiz v City of New York, 154 AD3d 945, 947).
Moreover, the petitioner failed to demonstrate that the City had actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter. Contrary to the petitioner's contention, the submission of unauthenticated color photographs with the petition did not establish that the City had actual knowledge of the essential facts constituting the claim within a reasonable time after the expiration of the 90-day notice period (see Matter of DiMattia v City of New York, 183 AD3d 823, 824; Matter of Bermudez v City of New York, 167 AD3d at 734; Murtha v Town of Huntington, 120 AD3d 480, 482; Pelaez v City of New York, 79 AD3d 1115, 1116; Serrano v City of New York, 143 AD2d 652, 653).
Lastly, the petitioner also failed to present "some evidence or plausible argument" that the City would not be substantially prejudiced by the delay in its defense on the merits (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467-468; see Matter of Perez v City of New York, 175 AD3d 1534, 1536; Kelly v City of New York, 153 AD3d 1388, 1390; Matter of A.C. v West Babylon Union Free Sch. Dist., 147 AD3d 1047, 1049).
Accordingly, the Supreme Court providently exercised its discretion when it, in effect, denied the petition and dismissed the proceeding.
CONNOLLY, J.P., CHRISTOPHER, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court