Matter of Bautista v New York City Hous. Auth. (2024 NY Slip Op 00262)

Matter of Bautista v New York City Hous. Auth.

2024 NY Slip Op 00262

Decided on January 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2024

Before: Oing, J.P., Gesmer, Scarpulla, Rodriguez, Michael, JJ. 

Index No. 812977/21 Appeal No. 1502 Case No. 2023-01065 

[*1]In the Matter of Cheryl L. Bautista, Petitioner-Appellant,
v
New York City Housing Authority, Respondent-Respondent.

Arnold DiJoseph, P.C., New York (Arnold E. DiJoseph III of counsel), for appellant.
Herzfeld & Rubin, P.C., New York (Howard S. Edinburgh of counsel), for respondent.

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered February 7, 2023, which, to the extent appealed from as limited by the briefs, denied petitioner's petition for leave to amend the notice of claim pursuant to General Municipal Law § 50-e(6), unanimously affirmed, without costs.
In this personal injury action arising from petitioner's alleged slip and fall on the stairs of a building located at the Castle Hill complex in the Bronx, petitioner's original notice of claim listed the wrong address as the site of the accident. The court properly denied the petition because petitioner's failure to promptly move to amend the notice of claim prejudiced the ability of respondent New York City Housing Authority (NYCHA) to investigate the incident while the surrounding facts were still fresh (see Rivera v New York City Hous. Auth., 160 AD3d 564, 564 [1st Dept 2018]). Petitioner provides no explanation as to why she failed to properly file and serve her petition until 10 months after NYCHA responded to her notice of claim with a letter stating that it did not own, manage, maintain, or control the property described in the notice of claim (see Rivera v New York City Hous. Auth., 235 AD2d 296, 296 [1st Dept 1997]). The unauthenticated photographs petitioner attached to the notice of claim did not depict anything that would alert NYCHA to the correct location (cf. Brown v City of New York, 95 NY2d 389, 392 [2000] [photographs attached to the notice of claim were captioned with location and descriptions of defective sidewalk and curb]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2024