Sinclair v City of New York (2025 NY Slip Op 05546)

Sinclair v City of New York

2025 NY Slip Op 05546

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-10831
 (Index No. 503562/22)

[*1]Caroline Sinclair, appellant, 
v
City of New York, defendant, New York City Housing Authority, respondent.

Krentsel Guzman Herbert, LLP (Horn Appellate Group, Brooklyn, NY [Scott T. Horn], of counsel), for appellant.
Torino & Bernstein, P.C. (Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY [Patrick J. Lawless], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated October 27, 2023. The order granted the motion of the defendant New York City Housing Authority to dismiss the complaint insofar as asserted against it for failure to comply with General Municipal Law §§ 50-e(2) and 50-h, and denied, as academic, the plaintiff's cross-motion pursuant to General Municipal Law § 50-e(6) for leave to amend her notice of claim.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying, as academic, the plaintiff's cross-motion pursuant to General Municipal Law § 50-e(6) for leave to amend her notice of claim, and substituting therefor a provision denying the cross-motion on the merits; as so modified, the order is affirmed, with costs to the defendant New York City Housing Authority.
On May 25, 2021, the plaintiff allegedly was injured when she tripped and fell at a residential building located in Brooklyn (hereinafter the building), which purportedly was owned and operated by the defendant New York City Housing Authority (hereinafter the defendant). In June 2021, the plaintiff served a notice of claim upon the defendant, in which she asserted that she fell as a result of "uneven, broken pavement" located on the "back walkway" of the building. She annexed three photographs to her notice of claim, which allegedly depicted "the defective condition." The plaintiff subsequently testified at a hearing pursuant to General Municipal Law § 50-h that, while walking inside the building toward an exit doorway, she fell due to a defective condition in the floor. She also testified that two of the photographs annexed to her notice of claim depicted the exterior of the building and that the third photograph depicted a condition that "look[ed] similar to what [she] . . . fell over," although she was "not sure" if it depicted the interior or exterior of the building.
In February 2022, the plaintiff commenced this action against the defendant, among others, to recover damages for personal injuries. Approximately one year later, the defendant moved to dismiss the complaint insofar as asserted against it for failure to comply with General Municipal [*2]Law §§ 50-e(2) and 50-h. The plaintiff opposed the motion and cross-moved pursuant to General Municipal Law § 50-e(6) for leave to amend her notice of claim. By order dated October 27, 2023, the Supreme Court granted the defendant's motion and denied, as academic, the plaintiff's cross-motion. The plaintiff appeals.
"To enable authorities to investigate, collect evidence[,] and evaluate the merit of a claim, persons seeking to recover in tort against a municipality are required, as a precondition to suit, to serve a [n]otice of [c]laim" (T.N. v City of New York, 227 AD3d 815, 816 [internal quotation marks omitted]). "General Municipal Law § 50-e(2) requires that the notice of claim set forth, among other things, the time when, the place where[,] and the manner in which the claim arose" (Davis v City of New York, 210 AD3d 865, 866 [internal quotation marks omitted]). "The test of the sufficiency of a notice of claim is whether it includes information sufficient to enable the public entity to locate the place, fix the time, and understand the nature of the accident" (Burgos v City of New York, 202 AD3d 744, 745). "Claims of roadway, sidewalk, or similar defects must be set forth with great specificity because of their transitory nature" (A.A. v City of New York, 219 AD3d 1473, 1474 [internal quotation marks omitted]). "Whether the notice of claim substantially complies with the requirements of the statute depends on the circumstances of each case" (Behrens v Town of Huntington, 230 AD3d 730, 732 [internal quotation marks omitted]).
"A court determining a motion to dismiss a complaint on the ground that the notice of claim is insufficient, in addition to examining the four corners of the notice of claim, may consider the testimony provided during an examination pursuant to General Municipal Law § 50-h, as well as any other evidence properly before it" (A.A. v City of New York, 219 AD3d at 1474-1475). "However, this evidence cannot be used to substantively change the nature of the claim or the theory of liability, since causes of action or legal theories may not be raised in the complaint or in a bill of particulars that were not directly or indirectly mentioned in the notice of claim and that change the nature of the claim or assert a new one" (Behrens v Town of Huntington, 230 AD3d at 732 [internal quotation marks omitted]). Moreover, "[p]ursuant to General Municipal Law § 50-e(6), a court has discretion to grant leave to serve an amended notice of claim where the error in the original notice was made in good faith and where the other party has not been prejudiced thereby" (Davis v City of New York, 210 AD3d at 866). However, "[a] notice of claim may [not] be amended . . . to substantively change the nature of the claim or the theory of liability" (Macareno v New York City Tr. Auth., 206 AD3d 642, 643 [internal quotation marks omitted]).
Here, the plaintiff failed to meet her initial burden of demonstrating that her incorrect description of the accident location in her notice of claim did not prejudice the defendant in its ability to conduct a prompt and meaningful investigation into her claim (see T.N. v City of New York, 227 AD3d at 817; Davis v City of New York, 210 AD3d at 866; Murtha v Town of Huntington, 120 AD3d 480, 481). The record does not support the plaintiff's contention that her testimony at the General Municipal Law § 50-h hearing provided the defendant with sufficient information to allow for a proper investigation (see D'Alessandro v New York City Tr. Auth., 83 NY2d 891, 893; Burgos v City of New York, 202 AD3d at 746; Murtha v Town of Huntington, 120 AD3d at 481-482). The plaintiff "was not able to identify any witnesses to the incident," nor did she "receive any medical assistance at the accident site, and, contrary to [her] contention, the defendant[ ] did not acquire knowledge of the essential facts constituting the claim within the statutory 90-day period or a reasonable time thereafter" (T.N. v City of New York, 227 AD3d at 817). Moreover, in her moving papers, the plaintiff did not contend "that the alleged defective condition was unchanged in the" time that had elapsed "since the date of the accident" (id.) but instead improperly raised such a contention for the first time in reply (see Bednoski v County of Suffolk, 67 AD3d 616, 617). In any event, under the circumstances, "the plaintiff's contention that the . . . [alleged] defect was essentially unchanged since the date of the accident did not constitute a satisfactory substitute for the [defendant's] opportunity to conduct a meaningful investigation" in response to a timely notice of claim (Murtha v Town of Huntington, 120 AD3d at 482; see Serrano v City of New York, 143 AD2d 652, 653). Finally, "the proposed amendment to the notice of claim was not technical in nature as it included a substantive change to the facts" (Matter of Lesaine v New York City Health & Hosps. Corp., 199 AD3d 1005, 1006; see Donaldson v New York City Hous. Auth., 91 AD3d 550, 551; Dennis v City of New York, 216 AD2d 517, 517-518).
Accordingly, the Supreme Court properly denied the plaintiff's cross-motion pursuant to General Municipal Law § 50-e(6) for leave to amend her notice of claim and, therefore, properly granted, on the ground of failure to comply with General Municipal Law § 50-e(2), the defendant's motion to dismiss the complaint insofar as asserted against it (see T.N. v City of New York, 227 AD3d at 817; Jenkins v New York City Hous. Auth., 162 AD3d 752, 753-754). However, since the plaintiff failed to establish entitlement to leave to amend her notice of claim, her cross-motion should have been denied on the merits, not denied as academic (see LaGuardia Community Coll. Paramedic Class 23 Student John Ciafone v City of New York, 215 AD3d 653, 655; Skerrett v LIC Site B2 Owner, LLC, 199 AD3d 956, 960; Cervini v Zanoni, 95 AD3d 919, 922). We therefore modify the order dated October 27, 2023, accordingly.
In light of our determination, we need not reach the parties' contentions regarding whether the defendant was entitled to dismissal of the complaint insofar as asserted against it on the ground of failure to comply with General Municipal Law § 50-h.
DILLON, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court